United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 25, 2024
Nathan Ochsner, Clerk

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| H-Food Holdings, LLC, *et al.*,[1] | Case No. 24-90586 (ARP) |
| Debtors. | (Jointly Administered) |

**ORDER (I) AUTHORIZING
DEBTORS TO (A) MAINTAIN EXISTING
INSURANCE POLICIES AND PAY ALL INSURANCE
OBLIGATIONS ARISING THEREUNDER AND (B)
RENEW, SUPPLEMENT, MODIFY, OR PURCHASE
INSURANCE COVERAGE, AND (II) GRANTING RELATED RELIEF**

[Relates to Docket No. 19]

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (the "Order") (i) authorizing the Debtors to (a) maintain their existing insurance policies and pay all obligations arising thereunder or in connection therewith and (b) renew, supplement, modify or purchase insurance coverage, and (ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: HFS Sub, LLC (8177); H-Food Holdings, LLC (6072); Hearthside Food Solutions, LLC (8653); Peacock Engineering Company II, LLC (N/A); HFS Matterhorn Topco, Inc. (0765); Matterhorn Parent, LLC (4445); Matterhorn Intermediate, LLC (1574); Matterhorn Buyer, LLC (0335); Hearthside USA – Corporate, Inc. (3174); Hearthside Holdco, LLC (6206); Hearthside Finance Company, Inc. (8294); Interbake Foods, LLC (7640); Ryt-way Midco, LLC (4388); Hearthside USA, LLC (7655); Hearthside USA – CPG Partners, LLC (2282); Oak State Products, LLC (1822); Standard Functional Foods Group, LLC (4160); Quality Bakery Products, LLC (0528); Toll Packaging Services LLC (5955); Ryt-way Industries, LLC (0783); Matterhorn Sub, LLC (N/A); Peacock Foods LLC (N/A); and Hearthside USA – Produce & Foodservice, LLC (0783). The Debtors' service address is 3333 Finley Road, Suite 800, Downers Grove, IL 60515.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

with Article III of the United States Constitution; and this Court having found that venue of these cases and this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Debtors are authorized, in their sole discretion, to continue the Insurance Policies in the ordinary course of business and honor their Insurance Obligations thereunder, including any prepetition amounts outstanding on account of the Insurance Policies to the extent that the Debtors determine, in their sole discretion, that such actions are in the best interests of their estates.

2. The Debtors are authorized to renew, supplement, modify or enter into new Insurance Policies or execute other agreements in connection with their Insurance Policies, including upon the expiration of any Insurance Policy, in the ordinary course, *provided*, *however*, the Debtors will notify the U.S. Trustee and counsel to any statutory committee appointed in these cases if the Debtors materially renew, amend, supplement, extend, terminate, replace, increase, or decrease existing insurance coverage, change insurance carriers, or obtain additional insurance coverage.

3. All Banks are (a) authorized and directed to receive, process, honor, and pay any and all checks, drafts, electronic transfers and other forms of payment used by the Debtors on account of the Insurance Policies, whether presented before, on or after the Petition Date; and (b) prohibited from placing any hold on, or attempting to reverse, any automatic transfer on account of the Insurance Policies. The Banks shall rely on the representations of the Debtors as to which checks and fund transfers should be honored and paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

4. Nothing in this Order nor any actions taken hereunder: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party; (d) shall be construed as a promise to pay a claim or continue any applicable program postpetition, which decision shall be in the discretion of the Debtors; or (e) shall create, or is intended to create, any rights in favor of, or enhance the status of any claim held by, any person. Any payment made pursuant to this Order is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

5. The Debtors shall maintain a matrix/schedule of prepetition premium payments made pursuant to this Order, including the following information: (a) the names of the payees; (b) the nature of the payment; (c) the amount of the payment; (d) the category or type of payment; (e) the Debtor or Debtors that made the payment; and (f) the payment date. The Debtors shall

provide a copy of such matrix to the U.S. Trustee and counsel to any statutory committee appointed in these Chapter 11 cases every thirty (30) calendar days beginning upon entry of this Order.

6. Notwithstanding anything to the contrary contained in the Motion or this Final Order, any payment to be made and any relief or authorization granted hereunder shall be limited by and subject to the requirements imposed on the Debtors in any orders entered by this Court authorizing the Debtors to obtain postpetition financing and to use cash collateral (such orders, respectively, the "Cash Collateral Order" and "DIP Order"), including, for the avoidance of doubt, the cash collateral and debtor-in-possession budgets. To the extent of any conflict (but solely to the extent of such conflict) between the terms of this Final Order and the terms of the Cash Collateral Order or the DIP Order, the terms of the Cash Collateral Order and the DIP Order will govern.

7. The requirements of Bankruptcy Rule 6003 are satisfied.

8. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof and notice of the Motion as provided therein shall be deemed good and sufficient pursuant to the requirements of Bankruptcy Rule 6004(a).

9. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

10. This Court retains exclusive jurisdiction and power with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: November 25, 2024

*Alfredo R Pérez*
Alfredo R Pérez
United States Bankruptcy Judge

4