United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 17, 2024
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| H-Food Holdings, LLC, *et al.*,[1] | Case No. 24-90586 (ARP) |
| Debtors. | (Jointly Administered) |

**ORDER (I) ESTABLISHING (A) BAR DATES AND
(B) RELATED PROCEDURES FOR FILING PROOFS OF
CLAIM, (II) APPROVING THE FORM AND  MANNER OF
<u>NOTICE THEREOF AND (III) GRANTING RELATED RELIEF</u>**
(Related Docket No. 107)

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors (collectively,

the "<u>Debtors</u>") for entry of an order (this "<u>Bar Date Order</u>") (i) establishing (a) bar dates and

(c) related procedures for filing proofs of claim, (ii) approving the form and manner of notice

thereof, and (iii) granting related relief, all as more fully set forth in the Motion and the First Day

Declaration; and the Court having reviewed the Motion and the First Day Declaration; and the

Court having jurisdiction to consider the Motion; and the relief requested therein in accordance

with 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to

28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are:  HFS Sub, LLC (8177); H-Food Holdings, LLC (6072); Hearthside Food Solutions, LLC (8653); Peacock Engineering Company II, LLC (N/A); HFS Matterhorn Topco, Inc. (0765); Matterhorn Parent, LLC (4445); Matterhorn Intermediate, LLC (1574); Matterhorn Buyer, LLC (0335); Hearthside USA - Corporate, Inc. (3174); Hearthside Holdco, LLC (6206); Hearthside Finance Company, Inc. (8294); Interbake Foods, LLC (7640); Ryt-way Midco, LLC (4388); Hearthside USA, LLC (7655); Hearthside USA – CPG Partners, LLC (2282); Oak State Products, LLC (1822); Standard Functional Foods Group, LLC (4160); Quality Bakery Products, LLC (0528); Toll Packaging Services LLC (5955); Ryt-way Industries, LLC (0783); Matterhorn Sub, LLC (N/A); Peacock Foods LLC (N/A); and Hearthside USA – Produce & Foodservice, LLC (0783).   The Debtors' service address is 3333 Finley Road, Suite 800, Downers Grove, IL 60515.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. § 1408; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and the Court having determined that there is good and sufficient cause for the relief granted in this order, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Court hereby approves (i) the forms of the Proof of Claim Form, the Bar Date Notice, and the Publication Notice, substantially in the forms attached hereto as <u>Exhibit 1</u>, <u>Exhibit 2</u>, and <u>Exhibit 3</u>, respectively, and (ii) the manner of providing notice of the Bar Dates as described in the Motion.

2.      Pursuant to Bankruptcy Rule 3003(c)(2), any creditor (as defined in section 101(10) of the Bankruptcy Code) or equity security holder (as defined in section 101(17) of the Bankruptcy Code) who asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose, or is deemed to have arisen, prior to **November 22, 2024** (the "<u>Petition Date</u>") and whose claim is either (i) not listed on the Debtors' schedules of assets and liabilities (collectively, the "<u>Schedules</u>") or (ii) listed on the Schedules as disputed, contingent or unliquidated, must file a Proof of Claim on or prior to **January 24, 2025, at 5:00 p.m. (prevailing Central Time)** (the "<u>General Bar Date</u>") as provided in this Bar Date Order.

3.      Notwithstanding paragraph 2 above, the deadline for governmental units (as defined in section 101(27) of the Bankruptcy Code) to file a Proof of Claim against the Debtors is **May 21, 2025, at 5:00 p.m. (prevailing Central Time)** (the "<u>Governmental Bar Date</u>").

4.      The Debtors shall file their Schedules on or before December 23, 2024.  If the Debtors amend their Schedules, then the deadline to submit a Proof of Claim for those creditors affected by any such amendment shall be the later of (a) the applicable Bar Date or (b) 5:00 p.m. (prevailing Central Time) on the date that is twenty-one (21) days from the date that the Debtors provide written notice to the affected creditor that the Schedules have been amended.

5.      Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (a) the General Bar Date or Governmental Bar Date, as applicable, (b) the date set forth in an order authorizing the Debtors to reject an executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code (including the order confirming a Plan in the Debtors' chapter 11 cases), or (c) 5:00 p.m. prevailing Central Time on the date that is thirty (30) days following entry of the order approving rejection of the applicable executory contract or unexpired lease of the Debtors.  For the avoidance of doubt and notwithstanding anything to the contrary herein, counterparties to unexpired leases of non-residential real property shall not be required to file a Proof of Claim against any of the Debtors on account of any actual or potential claims arising under such leases (including any claims on account of related guaranty agreements or obligations) unless and until the applicable lease is rejected by the Debtors.

6.      Any person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit), that holds, or seeks to assert, a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose, or is deemed to have arisen, prior to the Petition Date, no matter how remote, contingent, or unliquidated, including, without limitation, secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(3) through 507(a)(10) and

503(b)(9) of the Bankruptcy Code) and unsecured non-priority claims (the holder of any such claim, the "Claimant"), must properly file a Proof of Claim on or before the applicable Bar Date.

7.      If Proofs of Claim are not received by Kroll on or before the applicable Bar Date, the holders of the underlying claims shall be barred from asserting such claims against the Debtors and precluded from voting on any chapter 11 plan filed in these chapter 11 cases and receiving distributions from the applicable Debtor on account of such claims in these chapter 11 cases.

8.      The following requirements shall apply with respect to filing and preparing each Proof of Claim:

    a.    **Contents**.  Each Proof of Claim must: (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

    b.    **Section 503(b)(9) Claim**.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

    c.    **Electronic Signatures Permitted**.  Only original Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail, will not be accepted.

    d.    **Identification of the Debtor Entity**.  Each Proof of Claim must clearly identify the specific Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under lead case number (No. 24-90586 (ARP)), or otherwise without identifying a specific Debtor, will be deemed as filed only against H-Food Holdings, LLC.

    e.    **Claim Against Multiple Debtor Entities**.  Each Proof of Claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on

the Proof of Claim, such claim will be treated as if filed only against the first listed Debtor; *provided, however*, the filing of a 2L Master Proof of Claim or an Unsecured Notes Master Proof of Claim (each as defined below) in the Lead Case (as defined below) shall also be deemed to constitute the filing of a 2L Master Proof of Claim or Unsecured Notes Master Proof of Claim, as applicable, in the chapter 11 cases of all other Debtors against whom a 2L Debt Claim or Unsecured Notes Debt Claim (each as defined below), as applicable, may be asserted under the Second Lien Credit Documents or Unsecured Notes Indenture, as applicable, or other operative documents.

f.   **Supporting Documentation**. Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; provided that any creditor that received such written consent shall be required to transmit such documentation to Debtors' counsel upon request no later than ten (10) days from the date of such request. Any supporting documentation that includes personally identifiable information should be redacted or hidden prior to submission.

g.   **Timely Service**. Each Proof of Claim must be filed or submitted, including supporting documentation, through any of the following methods: (i) electronic submission through the Electronic Case Filing system at https://ecf.txsb.uscourts.gov/, (ii) electronic submission using the interface available on Kroll's website at https://cases.ra.kroll.com/HFS or (iii) if submitted through non-electronic means, by U.S. mail or other hand delivery system, so as to be **actually received** by Kroll on or before the General Bar Date, the Governmental Bar Date, or other applicable Bar Date, as applicable, at the following address:

**If by First-Class Mail:**

H-Food Holdings, LLC Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by Hand Delivery or Overnight Mail:**

H-Food Holdings, LLC Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE
OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h. **Receipt of Service**. Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by Kroll must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Kroll) and (ii) a self-addressed, stamped envelope.

9. Proofs of Claim sent to Kroll by facsimile, telecopy, or electronic mail will **not** be accepted and will **not** be considered properly or timely filed for any purpose in these chapter 11 cases.

10. The Bar Dates established by this Bar Date Order supersede any bar dates established, filed, noticed, or previously served in these chapter 11 cases.

11. Notwithstanding the above, holders of the following claims are **not** required to file a Proof of Claim on or before the applicable Bar Date solely with respect to such claim:

a. a claim against the Debtors for which a signed proof of claim has already been properly filed with the Clerk of the Bankruptcy Court for the Southern District of Texas or Kroll in a form substantially similar to Official Bankruptcy Form No. 410;

b. a claim that is listed on the Debtors' Schedules if and only if (i) such claim is not scheduled as "disputed," "contingent," or "unliquidated" **and** (ii) the holder of such claim agrees with the amount, nature and priority of the claim as set forth in the Schedules;

c. an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

d. an administrative expense claim for post-petition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code;

e. a claim that has been paid in full by the Debtors in accordance with the Bankruptcy Code or an order of this Court;

f. a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

g. a claim of any Debtor against another Debtor;

h.   any fees payable to the U.S. Trustee under 8 U.S.C. § 1930 or accrued interest thereon arising under 31 U.S.C. § 3717;

i.   a claim for which specific deadlines have been fixed by an order of this Court entered on or before the applicable Bar Date;

j.   any claim excepted from the requirement to file a Proof of Claim pursuant to any order granting relief related to cash collateral or postpetition financing;

k.   any claim of a party to the RSA (as defined in the First Day Declaration) against any Debtor; and

l.   any Unsecured Noteholder that is the holder of a Debt Claim arising under or in connection with the Debtors' Unsecured Notes; *provided* that the Unsecured Notes Indenture Trustee may file a single Unsecured Notes Master Proof of Claim in the Lead Case by the General Bar Date with respect to all of the claims thereunder.

12.   Any person or entity holding an equity security (as defined in section 101(16) of the Bankruptcy Code and including, without limitation, common stock, preferred stock, warrants, or stock options) or other ownership interest in the Debtors (an "Interest Holder") is not required to file a proof of interest on or before the applicable Bar Date; provided, however, that an Interest Holder that wishes to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an equity security or other ownership interest including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date. The Debtors reserve the right to seek relief at a later date establishing a deadline for Interest Holders to file proofs of interest.

13.   The Second Lien Agent (as defined in the First Day Declaration) is authorized (but not directed or required) in its sole discretion to file in the Debtors' lead Chapter 11 Case *In re H-Food Holdings, LLC*, Case no. 24-90586 (the "Lead Case"), a master proof of claim on behalf of the Second Lien Agent and Second Lien Term Lenders (as defined in the First Day Declaration,

and together with the Second Lien Agent, collectively, the "Second Lien Secured Parties"), on account of any and all of their respective claims (such claims, the "2L Debt Claims") arising under the Second Lien Credit Agreement or Second Lien Guaranty Agreement (each as defined in the First Day Declaration and, collectively, the "Second Lien Credit Documents") against each of the applicable Debtors (a "2L Master Proof of Claim"). Upon the filing of any such 2L Master Proof of Claim, the Second Lien Agent shall be deemed to have filed a proof of claim in the amount set forth opposite its name therein in respect of its claims of any type or nature whatsoever with respect to the applicable Second Lien Documents, and the claim of each applicable Second Lien Secured Party (and each of its successors and assigns), named in a 2L Master Proof of Claim shall be treated as if such entity had filed a separate proof of claim in each of the chapter 11 cases of the applicable Debtors. The 2L Master Proof of Claim shall not be required to attach any instruments, agreements, or other documents evidencing the obligations owing by the Debtors to the applicable Second Lien Secured Parties.  Any proof of claim filed by the Second Lien Agent shall be deemed to be in addition to and not in lieu of any other proof of claim that may be filed by any of the Second Lien Secured Parties.

14.     Notwithstanding anything to the contrary in this Order, U.S. Bank Trust Company, National Association ("U.S. Bank"), in its capacity as indenture trustee (the "Unsecured Notes Indenture Trustee") for the holders of the 8.500% senior unsecured notes due 2026 (the "Unsecured Notes" and the holders thereof, the "Unsecured Noteholders") under that certain Indenture, dated as of May 23, 2018 (the "Unsecured Notes Indenture"), is authorized, but not directed, to file one master Proof of Claim (any such claim, an "Unsecured Notes Master Proof of Claim") for principal, interest, applicable premium (if any), fees and expenses (including attorney's fees and expenses), and all other amounts payable under the Unsecured Notes Indenture

and related documents (such amounts, the "Debt Claims"), on behalf of itself and all Unsecured Noteholders. Any such Unsecured Notes Master Proof of Claim shall have the same effect as if each applicable Unsecured Noteholder had individually filed a Proof of Claim against each applicable Debtor on account of such Unsecured Noteholder's Debt Claim. The Unsecured Notes Indenture Trustee may amend, supplement, or otherwise modify its Debt Claim from time to time, to the extent permitted by applicable law. The Unsecured Notes Indenture Trustee shall not be required to file an Unsecured Notes Master Proof of Claim with any instruments, agreements, or other documents evidencing the obligations referenced in such Unsecured Notes Master Proof of Claim, which instruments, agreements, or other documents will be provided upon written request to counsel for the Unsecured Notes Indenture Trustee. For administrative convenience, any Unsecured Notes Master Proof of Claim authorized herein may be filed in the Lead Case with respect to all amounts asserted in such Unsecured Notes Master Proof of Claim, and such Unsecured Notes Master Proof of Claim shall be deemed to be filed and asserted by the Unsecured Notes Indenture Trustee, on behalf of itself and all Unsecured Noteholders, against every Debtor that is liable for the claim(s) asserted therein so long as such authorized Unsecured Notes Master Proof of Claim sets forth in reasonable detail the basis for such claim(s) and, to the extent reasonably possible, the amount asserted against each applicable Debtor. No authorized Unsecured Notes Master Proof of Claim shall be disallowed, reduced, or expunged on the basis that it is filed only in the Lead Case and only against Debtor H-Food Holdings, LLC. For the avoidance of doubt, the provisions set forth in this paragraph and any Unsecured Notes Master Proof of Claim filed pursuant to the terms hereof are intended solely for the purpose of administrative convenience and shall not affect the substantive rights of any party-in-interest or their respective successors-in-interest, including, without limitation, the rights of the Unsecured

Notes Indenture Trustee or any Unsecured Noteholder under applicable law and the numerosity requirements set forth in section 1126 of the Bankruptcy Code.  In addition, if an Unsecured Noteholder asserts a claim (if any) against any of the Debtors other than the Debt Claims (such claim, a "Non-Debt Claim"), such Unsecured Noteholder shall be required to file its own proof of claim for such Non-Debt Claim.

15.     Pursuant to Bankruptcy Rule 2002(a)(7), within five (5) business days after entry of the Bar Date Order or as soon as reasonably practicable thereafter, the Debtors will cause the Bar Date Notice, substantially in the form attached hereto as **Exhibit 2**, and a Proof of Claim Form substantially in the form attached hereto as **Exhibit 1** (collectively, the "Bar Date Package") to be served via email, facsimile, or first-class mail upon the following parties (together, the "Notice Parties"):

a.     all known holders of potential claims, including all persons and entities listed in the Schedules at the addresses set forth therein as potentially holding claims;

b.     all parties that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of entry of the Bar Date Order;

c.     all parties that have filed proofs of claim in these chapter 11 cases as of the date of entry of the Bar Date Order;

d.     all known holders of equity securities in the Debtors as of the date of entry of the Bar Date Order;

e.     all known parties to executory contracts and unexpired leases with the Debtors as of the Petition Date, as identified in the Schedules;

f.     all known parties to litigation with the Debtors as of the date of entry of the Bar Date Order;

g.     all current and former employees for two years preceding the Petition Date (to the extent that contact information for former employees is available in the Debtors' records);

h. all known taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

i. all regulatory authorities that regulate the Debtors' businesses;

j. the Office of the United States Trustee for the Southern District of Texas;

k. the Office of the United States Attorney for the Southern District of Texas;

l. the Offices of the Attorney General for each of the states in which the Debtors conduct business;

m. all other entities listed on the Debtors' Creditor Matrix; and

n. counsel (if known) to any of the foregoing.

16. The Debtors shall also post the Proof of Claim Form and the Bar Date Notice on the Debtors' case website maintained by Kroll at https://cases.ra.kroll.com/HFS.

17. In accordance with Bankruptcy Rule 2002(a)(7), service of the Bar Date Notice and Proof of Claim Form in the manner set forth in this Bar Date Order is and shall be deemed to be good and sufficient notice of the Bar Date to known Claimants.

18. After the initial mailing of the Bar Date Packages, the Debtors may, in their discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known to the Debtors as the result of the Bar Date mailing process. In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to fourteen (14) days in advance of the applicable Bar Date, with any such mailings being deemed timely and such Bar Date being applicable to the recipient creditors. Consistent with the preceding sentence, if the Debtors discover any new potential creditors before

the General Bar Date, the Debtors shall mail a Bar Date Package to such parties, and the Debtors will work with such parties to make reasonable accommodations in the event a request is made for an extension of the General Bar Date.

19.     To the extent that any notices are returned as "return to sender" without a forwarding address, the Debtors shall not be required to mail additional notices to such creditors.

20.     Pursuant to Bankruptcy Rule 2002(*l*), the Debtors shall cause the Publication Notice to be published once in *USA Today* (national edition) or similar national publication and any regional publication in the prudent exercise of the Debtors' business judgment as soon as practicable after entry of this Bar Date Order but no later than twenty-one (21) days before the General Bar Date. Such form and manner of publication notice is hereby approved and authorized and is and shall be deemed to be good and sufficient notice of the Bar Dates to unknown Claimants.

21.     Properly filing an original, written Proof of Claim that substantially conforms to the Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code; provided, however, that all other administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and will not be deemed proper if made by Proof of Claim.

22.     Claimants filing claims under section 503(b)(9) of the Bankruptcy Code (or proofs thereof) shall attach to the Proof of Claim a supplemental statement setting forth with specificity: (a) the date of shipment of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (b) the date, place, and method (including carrier name) of delivery of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (c) the value of the goods the Claimant contends the Debtors received

in the twenty (20) days before the Petition Date; and (d) whether the Claimant timely made a demand to reclaim such goods under section 546(c) of the Bankruptcy Code, including any documentation identifying such demand.

23.     Nothing in the Motion or this Bar Date Order or the relief granted herein (including any actions taken or payments made by the Debtors) is to be construed as: (a) an implication or admission as to the amount of, basis for, or validity of any claim against any of the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) an impairment or waiver of any Debtor's or any other party in interest's right to dispute any claim against, or interest in, any Debtor, its property, or its estate on any grounds; (c) a promise or requirement to pay any particular claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Bar Date Order; (f) an implication, admission, or finding as to the validity, enforceability, or perfection of any lien on, interest in, or other encumbrance on the property of any Debtor or its estate; (g) an impairment or waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code of any other applicable law; (h) a waiver of any Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (i) a waiver of the obligation of any party in interest to file a proof of claim; or (j) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.  Nothing contained in this Bar Date Order shall be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

24.     The provisions of this Bar Date Order apply to all claims of whatever character or nature against the Debtors or their assets, whether secured or unsecured, priority or non-priority, liquidated or unliquidated, fixed or contingent.

25.     All Claimants who desire to rely on the Schedules with respect to filing a proof of claim in these chapter 11 cases shall have the sole responsibility for determining that their respective claim is accurately listed therein.

26.     The Debtors are authorized to take all actions necessary or appropriate to implement the relief granted in this Bar Date Order in accordance with the Motion.

27.     The Court retains jurisdiction regarding the interpretation, enforcement, and implementation of this Bar Date Order.

Signed: December 17, 2024

Alfredo R Pérez
United States Bankruptcy Judge

# **EXHIBIT 1**

## **Proof of Claim Form**

**United States Bankruptcy Court, Southern District of Texas**

| Fill in this information to identify the case (Select only one Debtor per claim form): | |
|---|---|
| ☐ H-Food Holdings, LLC (Case No. 24-90586) | ☐ Toll Packaging Services LLC (Case No. 24-90597) |
| ☐ HFS Sub, LLC (Case No. 24-90585) | ☐ Hearthside Holdco, LLC (Case No. 24-90598) |
| ☐ Hearthside Food Solutions, LLC (Case No. 24-90587) | ☐ Ryt-way Midco, LLC (Case No. 24-90599) |
| ☐ Peacock Engineering Company II, LLC (Case No. 24-90588) | ☐ Ryt-way Industries, LLC (Case No. 24-90600) |
| ☐ HFS Matterhorn Topco, Inc. (Case No. 24-90589) | ☐ Hearthside USA, LLC (Case No. 24-90601) |
| ☐ Matterhorn Parent, LLC (Case No. 24-90590) | ☐ Hearthside USA – CPG Partners, LLC (Case No. 24-90602) |
| ☐ Matterhorn Intermediate, LLC (Case No. 24-90591) | ☐ Matterhorn Sub, LLC (Case No. 24-90603) |
| ☐ Hearthside Finance Company, Inc. (Case No. 24-90592) | ☐ Oak State Products, LLC (Case No. 24-90604) |
| ☐ Quality Bakery Products, LLC (Case No. 24-90593) | ☐ Peacock Foods LLC (Case No. 24-90605) |
| ☐ Matterhorn Buyer, LLC (Case No. 24-90594) | ☐ Standard Functional Foods Group, LLC (Case No. 24-90606) |
| ☐ Hearthside USA - Corporate, Inc. (Case No. 24-90595) | ☐ Hearthside USA – Produce & Foodservice, LLC (Case No. 24-90607) |
| ☐ Interbake Foods, LLC (Case No. 24-90596) | |

## Modified Official Form 410

# Proof of Claim                                                                  04/22

Read the instructions before filling out this form. **This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

### Part 1:    Identify the Claim

| | |
|---|---|
| 1. **Who is the current creditor?** | Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor _____ |
| 2. **Has this claim been acquired from someone else?** | ☐ No <br> ☐ Yes. From whom? _____ |

3. **Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| | |
| Contact phone _____ | Contact phone _____ |
| Contact email _____ | Contact email _____ |

| | |
|---|---|
| 4. **Does this claim amend one already filed?** | ☐ No <br> ☐ Yes.  Claim number on court claims registry (if known)_____      Filed on _____ <br> MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No <br> ☐ Yes. Who made the earlier filing? _____ |

**Part 2:**   **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ☐ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: \_\_\_\_  \_\_\_\_  \_\_\_\_  \_\_\_\_ |
| **7.  How much is the claim?** | $_____. **Does this amount include interest or other charges?**<br>☐ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| **8. What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information. |
| **9. Is all or part of the claim secured?** | ☐ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**                                 $_____<br><br>**Amount of the claim that is secured:**   $_____<br><br>**Amount of the claim that is unsecured:** $_____(The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**    $_____<br><br>**Annual Interest Rate** (when case was filed)_____%<br>☐ Fixed<br>☐ Variable |
| **10. Is this claim based on a lease?** | ☐ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____ |
| **11. Is this claim subject to a right of setoff?** | ☐ No<br>☐ Yes. Identify the property: _____ |

| | |
|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ❑ No<br><br>❑ Yes. *Check one:* |

| | Amount entitled to priority |
|---|---|
| ❑ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ❑ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ❑ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ❑ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ❑ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ❑ Other. Specify subsection of 11 U.S.C. § 507(a)(____) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

| | |
|---|---|
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ❑ No<br><br>❑ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.**    $_____ |

---

### Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

❑ I am the creditor.

❑ I am the creditor's attorney or authorized agent.

❑ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

❑ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   _____
MM / DD / YYYY

_____
Signature

**Name of the person who is completing and signing this claim:**

Name   _____
First name              Middle name                    Last name

Title   _____

Company   _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   _____
Number        Street

_____
City                                        State       ZIP Code

Contact phone   _____        Email   _____

Modified Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court 12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

| |
|---|
| **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.** 18 U.S.C. §§ 152, 157 and 3571. |

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://cases.ra.kroll.com/HFS.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail**:
H-Food Holdings, LLC Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery**:
H-Food Holdings, LLC Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

You may also file your claim electronically at
https://cases.ra.kroll.com/HFS/EPOC-Index

---

## Do not file these instructions with your form

**EXHIBIT 2**

**Notice of Bar Dates**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| H-Food Holdings, LLC, *et al.*,[1] | Case No. 24-90568 (ARP) |
| Debtors. | (Jointly Administered) |

**NOTICE OF DEADLINES FOR THE FILING OF**
**PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT**
<u>**PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE**</u>

**TO:    ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF**
**THE FOLLOWING DEBTOR ENTITIES:**

| DEBTOR | CASE NO. |
|---|---|
| HFS Sub, LLC | 24-90585 (ARP) |
| H-Food Holdings, LLC | 24-90586 (ARP) |
| Hearthside Food Solutions, LLC | 24-90587 (ARP) |
| Peacock Engineering Company II, LLC | 24-90588 (ARP) |
| HFS Matterhorn Topco, Inc. | 24-90589 (ARP) |
| Matterhorn Parent, LLC | 24-90590 (ARP) |
| Matterhorn Intermediate, LLC | 24-90591 (ARP) |
| Matterhorn Buyer, LLC | 24-90594 (ARP) |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are:  HFS Sub, LLC (8177); H-Food Holdings, LLC (6072); Hearthside Food Solutions, LLC (8653); Peacock Engineering Company II, LLC (N/A); HFS Matterhorn Topco, Inc. (0765); Matterhorn Parent, LLC (4445); Matterhorn Intermediate, LLC (1574); Matterhorn Buyer, LLC (0335); Hearthside USA – Corporate, Inc. (3174); Hearthside Holdco, LLC (6206); Hearthside Finance Company, Inc. (8294); Interbake Foods, LLC (7640); Ryt-way Midco, LLC (4388); Hearthside USA, LLC (7655); Hearthside USA – CPG Partners, LLC (2282); Oak State Products, LLC (1822); Standard Functional Foods Group, LLC (4160); Quality Bakery Products, LLC (0528); Toll Packaging Services LLC (5955); Ryt-way Industries, LLC (0783); Matterhorn Sub, LLC (N/A); Peacock Foods LLC (N/A); and Hearthside USA – Produce & Foodservice, LLC (0783).   The Debtors' service address is 3333 Finley Road, Suite 800, Downers Grove, IL 60515.

| DEBTOR | CASE NO. |
|---|---|
| Hearthside USA - Corporate, Inc. | 24-90595 (ARP) |
| Hearthside Holdco, LLC | 24-90598 (ARP) |
| Hearthside Finance Company, Inc. | 24-90592 (ARP) |
| Interbake Foods, LLC | 24-90596 (ARP) |
| Ryt-way Midco, LLC | 24-90599 (ARP) |
| Hearthside USA, LLC | 24-90601 (ARP) |
| Hearthside USA – CPG Partners, LLC | 24-90602 (ARP) |
| Oak State Products, LLC | 24-90604 (ARP) |
| Standard Functional Foods Group, LLC | 24-90606 (ARP) |
| Quality Bakery Products, LLC | 24-90593 (ARP) |
| Toll Packaging Services LLC | 24-90597 (ARP) |
| Ryt-way Industries, LLC | 24-90600 (ARP) |
| Matterhorn Sub, LLC | 24-90603 (ARP) |
| Peacock Foods LLC | 24-90605 (ARP) |
| Hearthside USA – Produce & Foodservice, LLC | 24-90607 (ARP) |

**IF YOU BELIEVE YOU HAVE A CLAIM AGAINST THE DEBTORS, YOU SHOULD FILE YOUR PROOF OF CLAIM IMMEDIATELY. YOU SHOULD NOT WAIT FOR THE DEBTORS TO FILE THEIR SCHEDULES BEFORE FILING YOUR PROOF OF CLAIM.**

**PLEASE TAKE NOTICE THAT:**

On **November 22, 2024** (the "Petition Date"), H-Food Holdings, LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), each filed a voluntary petition for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

On [●], 2024 the Court entered an order [Docket No. [●]] (the "Bar Date Order")[2] establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim, no matter how remote or contingent such right to payment or equitable remedy may be, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code ("Proofs of Claim").

For your convenience, enclosed with this notice (this "Notice") is a Proof of Claim form, which identifies on its face the amount, nature, and classification of your claim(s), if any. If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the Southern District of Texas. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively. The term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY HAVE OR YOU MAY ASSERT A CLAIM AGAINST THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES. THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND *DISCUSS* IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

## A.    THE BAR DATES

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these chapter 11 cases (the "Bar Dates").

    a.    **The General Bar Date.** Pursuant to the Bar Date Order, except as described below, all entities (except governmental units) holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, are required to file Proofs of Claim so that they are **actually received** by **January 24, 2025, at 5:00 p.m. (prevailing Central Time)**. Except as expressly set forth in this Notice and the Bar Date Order, the General Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

claims, unsecured priority claims, and unsecured non-priority claims.

b.    **The Governmental Bar Date.** Pursuant to the Bar Date Order, all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are required to file Proofs of Claim so that they are **actually received** by **May 21, 2025, at 5:00 p.m. (prevailing Central Time)**. The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes (if any), whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

c.    **The Amended Schedules Bar Date**. Pursuant to the Bar Date Order, all entities holding claims affected by any amendment or supplement to the Debtors' Schedules are required to file Proofs of Claim so that they are **actually received by the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, or (ii) 5:00 p.m., prevailing Central Time, on the date that is twenty-one (21) days from the date that the Debtors provide written notice to the affected creditor that the Schedules have been amended.**

d.    **The Rejection Damages Bar Date**. Pursuant to the Bar Date Order, all entities holding claims arising from the Debtors' rejection of executory contracts and unexpired leases are required to file Proofs of Claim so that they are **actually received by the later of (i) the General Bar Date or Governmental Bar Date, as applicable, (ii) the date set forth in an order authorizing the Debtors to reject an executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code (including the order confirming a Plan in the Debtors' chapter 11 cases), or (iii) 5:00 p.m. prevailing Central Time on the date that is thirty (30) days following entry of the order approving rejection of the applicable executory contract or unexpired lease of the Debtors.** For the avoidance of doubt and notwithstanding anything to the contrary herein, counterparties to unexpired leases of non-residential real property shall not be required to file a Proof of Claim against any of the Debtors on account of any actual or potential claims arising under such leases (including any claims on account of related guaranty agreements or obligations) unless and until the applicable lease is rejected by the Debtors.

**THE BAR DATES ESTABLISHED BY THE BAR DATE ORDER AND REFERENCED IN THIS NOTICE SUPERSEDE ANY BAR DATES ESTABLISHED, FILED, NOTICED, OR PREVIOUSLY SERVED IN THESE CHAPTER 11 CASES.**

**B.     PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM**

Certain parties are not required to file Proofs of Claim.  The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of the following claims and setting related deadlines.  If the Court does enter such an order, you will receive notice of it.  The following entities holding claims that would otherwise be subject to the Bar Dates, in the capacities described below, need **not** file Proofs of Claims:

a.     a claim against the Debtors for which a signed proof of claim has already been properly filed with the Clerk of the Bankruptcy Court for the Southern District of Texas or Kroll in a form substantially similar to Official Bankruptcy Form No. 410;

b.     a claim that is listed on the Debtors' Schedules if and only if (i) such claim is not scheduled as "disputed," "contingent," or "unliquidated" **and** (ii) the holder of such claim agrees with the amount, nature and priority of the claim as set forth in the Schedules;

c.     an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

d.     an administrative expense claim for post-petition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code;

e.     a claim that has been paid in full by the Debtors in accordance with the Bankruptcy Code or an order of this Court;

f.     a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

g.     a claim of any Debtor against another Debtor;

h.     any fees payable to the U.S. Trustee under 8 U.S.C. § 1930 or accrued interest thereon arising under 31 U.S.C. § 3717;

i.     a claim for which specific deadlines have been fixed by an order of this Court entered on or before the applicable Bar Date;

j.     any claim excepted from the requirement to file a Proof of Claim pursuant to any order granting relief related to cash collateral or postpetition financing;

k.     any claim of a party to the RSA (as defined in the First Day Declaration) against any Debtor;

l.      any Unsecured Noteholder that is the holder of a Debt Claim arising under or in connection with the Debtors' Unsecured Notes; *provided* that the Unsecured Notes Indenture Trustee may file a single Unsecured Notes Master Proof of Claim in the Lead Case by the General Bar Date with respect to all of the claims thereunder.

## C.      INSTRUCTIONS FOR FILING PROOFS OF CLAIM

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.      **Contents**.  Each Proof of Claim must: (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

b.      **Section 503(b)(9) Claim**.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.      **Electronic Signatures Permitted**.  Only original Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail, will not be accepted.

d.      **Identification of the Debtor Entity**.  Each Proof of Claim must clearly identify the specific Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under lead case number (No. 24-90586 (ARP)), or otherwise without identifying a specific Debtor, will be deemed as filed only against H-Food Holdings, LLC.

e.      **Claim Against Multiple Debtor Entities**.  Each Proof of Claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim will be treated as if filed only against the first listed Debtor; *provided, however*, the filing of a 2L Master Proof of Claim or an Unsecured Notes Master Proof of Claim in the Lead Case shall also be deemed to constitute the filing of a 2L Master Proof of Claim or Unsecured Notes Master Proof of Claim, as applicable, in the chapter 11

cases of all other Debtors against whom a 2L Debt Claim or Unsecured Notes Debt Claim, as applicable, may be asserted under the Second Lien Credit Documents or Unsecured Notes Indenture, as applicable, or other operative documents.

f.  **Supporting Documentation**. Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; provided that any creditor that received such written consent shall be required to transmit such documentation to Debtors' counsel upon request no later than ten (10) days from the date of such request. Any supporting documentation that includes personally identifiable information should be redacted or hidden prior to submission.

g.  **Timely Service**. Each Proof of Claim must be filed or submitted, including supporting documentation, through any of the following methods: (i) electronic submission through the Electronic Case Filing system at https://ecf.txsb.uscourts.gov/, (ii) electronic submission using the interface available on Kroll's website at https://cases.ra.kroll.com/HFS or (iii) if submitted through non-electronic means, by U.S. mail or other hand delivery system, so as to be **actually received** by Kroll on or before the General Bar Date, the Governmental Bar Date, or other applicable Bar Date, as applicable, at the following address:

**If by First-Class Mail:**

H-Food Holdings, LLC Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by Hand Delivery or Overnight Mail:**

H-Food Holdings, LLC Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.  **Receipt of Service**. Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by Kroll must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Kroll) and (ii) a self-addressed, stamped envelope.

**D.      CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM**

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

> a.      YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);
>
> b.      THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;
>
> c.      YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND
>
> d.      SUBJECT TO THE SOLICITATION PROCEDURES, YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PLANS FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

**E.      RESERVATION OF RIGHTS**

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; and (b) subsequently designate any claim as disputed, contingent, or unliquidated.

**F.      ADDITIONAL INFORMATION**

Copies of the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on the Debtors' website at https://cases.ra.kroll.com/HFS. The other filings in these chapter 11 cases also are available for a fee at the Court's website at https://ecf.txsb.uscourts.gov/.  A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.uscourts.gov.  Copies of the other documents filed in these cases also may be examined between the hours of 8:00 a.m. and 5:00 p.m., prevailing Central Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas, United States Courthouse, 515 Rusk Street, Houston, Texas 77002.

If you require additional information regarding the filing of a Proof of Claim, you may contact the Debtors' restructuring hotline at: **(888) 510-7189** (Toll Free U.S. and Canada); or **+1 (646) 937-7810** (International) or by email to **HFSinfo@ra.kroll.com**.  Please note that Kroll cannot provide legal advice regarding the filing of a Proof of Claim, and you should consult your own attorney.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

**EXHIBIT 3**

**Publication Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| H-Food Holdings, LLC, *et al.*,[1] | Case No. 24-24-90586 (ARP) |
| Debtors. | (Jointly Administered) |

**NOTICE OF DEADLINE FOR THE FILING OF PROOFS OF CLAIM, INCLUDING**
<u>**FOR CLAIMS ASSERTED UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE**</u>

**(GENERAL BAR DATE IS JANUARY 24, 2025 AT 5:00 P.M. (PREVAILING CENTRAL TIME))**

> **IF YOU BELIEVE YOU HAVE A CLAIM AGAINST THE DEBTORS, YOU SHOULD FILE YOUR PROOF OF CLAIM IMMEDIATELY. YOU SHOULD NOT WAIT FOR THE DEBTORS TO FILE THEIR SCHEDULES BEFORE FILING YOUR PROOF OF CLAIM.**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On November 22, 2024 (the "<u>Petition Date</u>"), the above-captioned debtors and debtors in possession (the "<u>Debtors</u>") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>"). On [●], 2024, the Court entered an order [Docket No. [●]] (the "<u>Bar Date Order</u>") establishing certain deadlines for the filing of proofs of claim in the Debtors' chapter 11 cases.

Pursuant to the Bar Date Order, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, and trust) that holds or seeks to assert a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose, or is deemed to have arisen, prior to the Petition Date (including, without limitation, claims entitled to

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are:  HFS Sub, LLC (8177); H-Food Holdings, LLC (6072); Hearthside Food Solutions, LLC (8653); Peacock Engineering Company II, LLC (N/A); HFS Matterhorn Topco, Inc. (0765); Matterhorn Parent, LLC (4445); Matterhorn Intermediate, LLC (1574); Matterhorn Buyer, LLC (0335); Hearthside USA – Corporate, Inc. (3174); Hearthside Holdco, LLC (6206); Hearthside Finance Company, Inc. (8294); Interbake Foods, LLC (7640); Ryt-way Midco, LLC (4388); Hearthside USA, LLC (7655); Hearthside USA – CPG Partners, LLC (2282); Oak State Products, LLC (1822); Standard Functional Foods Group, LLC (4160); Quality Bakery Products, LLC (0528); Toll Packaging Services LLC (5955); Ryt-way Industries, LLC (0783); Matterhorn Sub, LLC (N/A); Peacock Foods LLC (N/A); and Hearthside USA – Produce & Foodservice, LLC (0783).   The Debtors' service address is 3333 Finley Road, Suite 800, Downers Grove, IL 60515.

administrative priority status under section 503(b)(9) of the Bankruptcy Code), no matter how remote or contingent such right to payment or equitable remedy may be, **MUST FILE A PROOF OF CLAIM** on or before 5:00 p.m. (prevailing Central Time), on January 24, 2025 (the "General Bar Date"), by sending an original proof of claim form to Kroll Restructuring Administration LLC ("Kroll"), or by completing the online proof of claim form available at https://cases.ra.kroll.com/HFS, so that it is **actually received** on or before the General Bar Date; provided that, solely with respect to governmental units (as defined in section 101(27) of the Bankruptcy Code), the deadline for such governmental units to file a proof of claim against the Debtors is May 21, 2025 at 5:00 p.m. (prevailing Central Time) (the "Governmental Bar Date"). Proofs of claim must be sent by overnight mail, courier service, hand delivery, regular mail, or in person, or completed electronically through Kroll's website. Proofs of claim sent by facsimile, telecopy, or electronic mail will **not** be accepted and will **not** be considered properly or timely filed for any purpose in these chapter 11 cases.

ANY PERSON OR ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM IN THESE CHAPTER 11 CASES WITH RESPECT TO A PARTICULAR CLAIM AGAINST THE DEBTORS, BUT THAT FAILS TO DO SO PROPERLY BY THE APPLICABLE BAR DATE, SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR PURPOSES OF VOTING AND DISTRIBUTION.

A copy of the Bar Date Order and proof of claim form may be obtained by contacting the Debtors' Claims Agent, in writing, at H-Food Holdings, LLC Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412 Brooklyn, NY 11232, or online at https://cases.ra.kroll.com/HFS. The Bar Date Order can also be viewed on the Court's website at https://ecf.txsb.uscourts.gov/. If you have questions concerning the filing or processing of claims, you may contact the Debtors' claims agent, Kroll, toll-free at (888) 510-7189 or, if calling from outside the United States or Canada, at +1 (646) 937-7810 or via email at HFSinfo@ra.kroll.com. Please note that Kroll cannot provide legal advice regarding the filing of a Proof of Claim, and you should consult your own attorney.

---

A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.

---