**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| H-Food Holdings, LLC, *et al.*,[1] | Case No. 24-90586 (ARP) |
| Debtors. | (Jointly Administered) |

**GLOBAL NOTES AND**
**STATEMENTS OF LIMITATIONS, METHODOLOGY,**
**AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF**
**ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

## General

H-Food Holdings, LLC (together with its affiliates that are debtors in the above-captioned chapter 11 cases and its direct and indirect subsidiaries, "HFS") and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), filed their respective Schedules of Assets and Liabilities (each, a "Schedule" and, collectively, the "Schedules") and Statements of Financial Affairs (each, a "Statement" and, collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the Southern District of Texas (the "Court"). The Debtors, with the assistance of their legal and financial advisors, prepared the unaudited Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These global notes and statements of limitations, methodology and disclaimers regarding the Debtors' Schedules and Statements (the "Global Notes") pertain to, are incorporated by

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: HFS Sub, LLC (8177); H-Food Holdings, LLC (6072); Hearthside Food Solutions, LLC (8653); Peacock Engineering Company II, LLC (N/A); HFS Matterhorn Topco, Inc. (0765); Matterhorn Parent, LLC (4445); Matterhorn Intermediate, LLC (1574); Matterhorn Buyer, LLC (0335); Hearthside USA - Corporate, Inc. (3174); Hearthside Holdco, LLC (6206); Hearthside Finance Company, Inc. (8294); Interbake Foods, LLC (7640); Ryt-way Midco, LLC (4388); Hearthside USA, LLC (7655); Hearthside USA – CPG Partners, LLC (2282); Oak State Products, LLC (1822); Standard Functional Foods Group, LLC (4160); Quality Bakery Products, LLC (0528); Toll Packaging Services (5955); Ryt-way Industries, LLC (0783); Matterhorn Sub, LLC (N/A); Peacock Foods LLC (N/A); and Hearthside USA – Produce & Foodservice, LLC (0783). The Debtors' service address is 3333 Finley Road, Suite 800, Downers Grove, IL 60515.

reference in, and comprise an integral part of, all of the Schedules and Statements, and should be referred to, and referenced in connection with, any review of the Schedules and Statements.[2]

The Schedules and Statements are unaudited and reflect the Debtors' reasonable efforts to report certain financial information of each Debtor on a stand-alone, unconsolidated basis. These Schedules and Statements neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. Accordingly, the Debtors and their directors, managers, officers, agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein or the Schedules and Statements. In no event shall the Debtors or their directors, managers, officers, agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their directors, managers, officers, agents, attorneys, and financial advisors are advised of the possibility of such damages.

The Schedules and Statements have been signed by Robert Caruso, Chief Restructuring Officer of each of the Debtors, and an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Caruso has relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' advisors and other professionals. Given the scale of the Debtors' businesses, Mr. Caruso has not (and practically could not have) personally verified the accuracy of each statement and representation in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and Statements. Accordingly, the Schedules and Statements remain subject to further review and verification by the Debtors. The Debtors reserve their right to amend the Schedules and Statements from time-to-time as may be necessary or appropriate; *provided*, that the Debtors, their agents, and their advisors expressly do not undertake any obligation to update, modify, revise, or recategorize the information provided herein or to

---

[2]   These Global Notes supplement, and are in addition to, any specific notes contained in each Debtor's Schedules or Statements. The fact that the Debtors prepared a Global Note with respect to any individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate.

notify any third party should the information be updated, modified, revised, or recategorized, except as required by applicable law.

<u>**Global Notes and Overview of Methodology**</u>

1. <u>**Description of the Cases**</u>.  The Debtors commenced these voluntary cases under chapter 11 of the Bankruptcy Code on November 22, 2024 (the "<u>Petition Date</u>").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On November 22, 2024, the Court entered an order authorizing the joint administration of the cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 12].  On December 4, 2024, the United States Trustee for the Southern District of Texas (the "<u>U.S. Trustee</u>") appointed an official committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket Nos. 134 and 140]. (the "<u>Committee</u>").  Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.  The asset and liability information provided herein, except as otherwise noted, is presented as of the close of business on the Petition Date.

2. <u>**Global Notes Control**</u>.  Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.  In the event that the Schedules or Statements differ from any of the Global Notes, the Global Notes shall control.

3. <u>**Reservation of Rights**</u>.  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate but do not undertake any obligation to do so, except as required by applicable law.  Nothing contained in the Schedules, Statements, or Global Notes shall constitute a waiver of rights with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, defenses, statutory or equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

   a. **No Admission.**  Nothing contained in the Schedules and Statements is intended as, or should be construed as, an admission or stipulation of the validity of any claim against any Debtors, any assertion made therein or herein, or a waiver of any of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

   b. **Claims Description**.  Any failure to designate a claim listed on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated."  The Debtors reserve the right to dispute and to assert setoff rights,

counterclaims, and defenses to any claim reflected on its Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." The listing of a claim does not constitute an admission of liability by the Debtors, and the Debtors reserve the right to amend the Schedules and Statements accordingly.

c.   **Recharacterization**.   The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. Nevertheless, due to the complexity of the Debtors' businesses, the Debtors may not have accurately characterized, classified, categorized, or designated certain items and/or may have omitted certain items. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

d.   **Classifications**.   The listing of a claim (i) on Schedule D as "secured," (ii) on Schedule E/F as either "priority," or "unsecured priority," or (iii) listing a contract or lease on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract pursuant to a schedule amendment, claim objection or otherwise. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a security interest has been undertaken. Except as provided in an order of the Court, the Debtors reserve all rights to dispute and challenge the secured nature or amount of any such creditor's claims or the characterization of the structure of any transaction, or any document or instrument related to such creditor's claim.

e.   **Estimates and Assumptions**.   To prepare these Schedules and Statements and report information on a legal entity basis, the Debtors were required to make certain reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities, and the reported amounts of revenues and expenses as of the Petition Date. Actual results could differ from such estimates. The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

f.   **Causes of Action**.   Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The

Debtors reserve all rights with respect to any claim, controversy, demand, right, action, suit, obligation, liability, debt, account, defense, offset, power, privilege, license, lien, indemnity, guaranty, interest, damage, remedy, cause of action, proceeding, agreement, or franchise of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, Secured or unsecured, assertable, directly or derivatively, matured or unmatured, suspected or unsuspected, whether arising before, on, or after the Petition Date, in contract, in tort, at Law, in equity, or otherwise.  Causes of action also include:  (a) all rights of setoff, counterclaim, or recoupment and claims under contracts or for breaches of duties imposed by law or in equity; (b) any claim based on or relating to, or in any manner arising from, in whole or in part, tort, breach of contract, breach of fiduciary duty, violation of local, state, federal, or foreign law, or breach of any duty imposed by law or in equity, including securities laws, negligence, and gross negligence; (c) the right to object to or otherwise contest claims or interests; (d) claims pursuant to sections 362 or chapter 5 of the Bankruptcy Code; (e) such Claims and defenses as fraud, mistake, duress, and usury, and any other defenses set forth in section 558 of the Bankruptcy Code; and (f) any avoidance actions arising under chapter 5 of the Bankruptcy Code or under similar local, state, federal, or foreign statutes and common law, including fraudulent transfer laws, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of action, or avoidance actions, or in any way prejudice or impair the assertion of such claims or causes of action.

g.  **Intellectual Property Rights**.  Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

h.  **Insiders**.  The Debtors have attempted to include all payments made on or within twelve months before the Petition Date to any individual (and their relatives) or entity who, in the Debtors' good faith belief, may be deemed an "insider."   As to each Debtor, an individual or entity is designated as an "insider" for the purposes of the Schedules and Statements if such individual or entity, based on the totality of the circumstances, has at least a controlling interest in, or exercises sufficient authority over, the Debtor so as to dictate corporate policy and the disposition of corporate assets.

The listing or omission of a party as an "insider" for the purposes of the Schedules and Statements is for informational purposes and is not intended to be nor should be construed as an admission that those parties are insiders for purposes of section 101(31) of the Bankruptcy Code.  Information regarding the individuals or entities listed as insiders in the Schedules and Statements may not be used for: (a) the purposes of determining (i) control of the Debtors; (ii) the extent to which any individual or entity exercised management responsibilities or functions; (iii) corporate decision-making authority over the Debtors; or (iv) whether such individual or entity (or the Debtors) could successfully argue that they are not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (b) any other purpose. Furthermore, certain of the individuals or entities identified as insiders may not have been insiders for the entirety of the twelve-month period before the Petition Date, but the Debtors have included them herein out of an abundance of caution. The Debtors reserve all rights with respect thereto.

## 4.  <u>Methodology</u>

    a.    **Basis of Presentation**.  For financial reporting purposes, the Debtors generally prepare consolidated financial statements, which include financial information for the Debtors and certain non-Debtor affiliates.  Combining the assets and liabilities set forth in the Debtors' Schedules and Statements would result in amounts that would be substantially different from financial information that would be prepared on a consolidated basis under GAAP.  Therefore, these Schedules and Statements neither purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements prepared by the Debtors.  Unlike the consolidated financial statements, these Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each separate Debtor.  Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.

The Debtors attempted to attribute the assets and liabilities, certain required financial information, and various cash disbursements to the proper Debtor entity.  However, due to limitations within Debtors' accounting systems, it is possible that not all assets, liabilities or amounts of cash disbursements have been recorded with the correct legal entity on the Schedules and Statements.  Accordingly, the Debtors reserve all rights to supplement and/or amend the Schedules and Statements in this regard.

Given, among other things, the uncertainty surrounding the collection, ownership, and valuation of certain assets and the amount and nature of certain liabilities, a Debtor may report more assets than liabilities.  Such report shall not constitute an admission that such Debtor was solvent on the Petition Date or at any time prior to or after the Petition Date.  Likewise, a Debtor reporting more liabilities than assets shall not constitute an admission that such Debtor was insolvent on the Petition Date or at any time prior to or after the Petition Date.  For the avoidance of doubt,

nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value.  The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.

b.     **Reporting Date**.  Unless otherwise noted, the liability information presented herein represents the liability data of the Debtors as of the Petition Date, adjusted for authorized payments under the First Day Orders (as defined herein). The asset information provided herein represents the asset information as of November 23, 2024, unless otherwise noted.

c.     **Confidentiality or Sensitive Information**.  The Debtors may be authorized or required to redact certain information from the public record pursuant to orders of the Court authorizing the Debtors to redact, seal, or otherwise protect such information from public disclosure.[3]

d.     **Consolidated Entity Accounts Payable and Disbursement Systems**. Receivables and payables among the Debtors and among the Debtors and their non-Debtor affiliates are reported on Statement 4, Schedule A/B, and Schedule E/F, respectively, per the Debtors' unaudited books and records.  As described more fully in the *Debtors' Emergency Motion for Entry Of Interim And Final Orders (I) Authorizing Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue Certain Intercompany Transactions, and (II) Granting Related Relief* [Docket No. 24] (the "<u>Cash Management Motion</u>"), the Debtors utilize an integrated, centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated by their operations (the "<u>Cash Management System</u>"). The Debtors maintain a consolidated accounts payable and disbursements system to pay operating and administrative expenses through various disbursement accounts. The Cash Management System is supported by 34 bank accounts, 20 of which are owned and controlled by the Debtors and 14 of which are owned by non-Debtor affiliates.

The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission or conclusion of the Debtors regarding the allowance, classification, validity, or priority of such account or characterization of such balances as debt, equity, or otherwise.  For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including, but not limited to, with respect to the characterization of intercompany claims, loans, and notes.

Prior to the Petition Date, the Debtors and certain non-Debtor affiliates engaged in intercompany transactions (the "<u>Intercompany Transactions</u>") in the ordinary

---

[3]   Such as the *Order (I) Authorizing Debtors to File a Consolidated (A) Creditor Matrix and (B) Top 30 Creditors List, (II) Authorizing Redaction of Certain Personal Identification Information, (III) Approving Form and Manner of Notifying Creditors of Commencement of Chapter 11 Cases and (IV) Granting Related Relief* [Docket No.92].

course of business, which resulted in intercompany receivables and payables (the "Intercompany Claims").   The Debtors maintain records of the Intercompany Claims and can account for all Intercompany Transactions.   Pursuant to the *Final Order (I) Authorizing Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Perform Certain Intercompany Transactions, and (II) Granting Related Relief* [Docket No. 198] (the "Cash Management Order"), the Court has granted the Debtors authority to continue to engage in Intercompany Transactions in the ordinary course of business subject to certain limitations set forth therein.   Thus, intercompany balances as of the Petition Date, as set forth in Schedule A/B and Schedule E/F may not accurately reflect current positions.

In addition, certain of the Debtors act on behalf of other Debtors.   Reasonable efforts have been made to indicate the ultimate beneficiary of a payment or obligation.   Whether a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation is a complex question of applicable non-bankruptcy law, and nothing herein constitutes an admission that any Debtor entity is an obligor with respect to any such payment.   The Debtors reserve all rights to reclassify any payment or obligation as attributable to another entity and all rights with respect to the proper accounting and treatment of such payments and liabilities.

e.     **Duplication**.  Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules.  To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

f.     **Net Book Value of Assets**.  In many instances, current market valuations are not maintained by or readily available to the Debtors.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all assets.   As such, unless otherwise indicated, net book values as of the Petition Date are presented for all assets.  When necessary, the Debtors have indicated that the value of certain assets is "Unknown" or "Undetermined."   Amounts ultimately realized may vary materially from net book value (or other value so ascribed).  Accordingly, the Debtors reserve all rights to amend, supplement, and adjust the asset values set forth in the Schedules and Statements.  Assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value.  The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.  Nothing in the Debtors' Schedules and Statements shall be, or shall be deemed to be, an admission that any Debtor was solvent or insolvent as of the Petition Date or any time prior to the Petition Date.

g.    **Currency**. All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated.

h.    **Payment of Prepetition Claims Pursuant to First Day Orders**. Following the Petition Date, the Court entered various orders authorizing the Debtors to, among other things, pay certain prepetition: (i) service fees and charges assessed by the Debtors' banks; (ii) insurance obligations; (iii) employee wages, salaries, and related items (including, but not limited to, employee benefit programs and supplemental workforce obligations); (iv) taxes and assessments; (v) customer program obligations; and (vi) critical vendor obligations (collectively, the "First Day Orders"). As such, outstanding liabilities may have been reduced by any Court-approved postpetition payments made on prepetition payables. Where and to the extent these liabilities have been satisfied, they are not listed in the Schedules and Statements, unless otherwise indicated. The Debtors reserve the right to update the Schedules and Statements to reflect payments made pursuant to an order of the Court (including the First Day Orders).

i.    **Other Paid Claims**. To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Court approval. To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

j.    **Setoffs**. The Debtors routinely incur setoffs in the ordinary course of business that arise from various items including, but not limited to, returns of and damages to customer products, and other matters. In accordance with Debtors' agreements with their vendors and other contract counterparties, these amounts are set off on a reoccurring basis against future revenues in a normal course reconciliation process with these partners. Certain of these ordinary course setoffs are not independently accounted for, and, as such, may be excluded from the Schedules and Statements. Any setoff of a prepetition debt to be applied against the Debtors is subject to the automatic stay and must comply with section 553 of the Bankruptcy Code. The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

k.    **Accounts Receivable**. The accounts receivable information listed on the Schedules includes receivables from the Debtors' customers and may be calculated net of any amounts that, as of the Petition Date, may be owed to such customers in the form of offsets or other price adjustments pursuant to the Debtors' customer program policies and day-to-day operating policies and any applicable Court order.

l.    **Inventory**. The Debtors' inventory is presented net of reserves.

m.   **Property and Equipment**.  Unless otherwise indicated, owned property and equipment are stated at net book value.

The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors.  Any such leases are set forth in the Schedules and Statements.  Nothing in the Statements or Schedules is or shall be construed as an admission or determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to any of such issues, including, but not limited to, the recharacterization thereof.

n.   **Leases**.  In the ordinary course of their business, the Debtors may lease property from certain third-party lessors for use in the daily operation of their business.  Any such leases are set forth in Schedule G and any amount due under such leases that was outstanding as of the Petition Date is listed on Schedule E/F.  The property subject to any of such leases is not reflected in Schedule A/B as either owned property or assets of the Debtors nor is such property reflected in the Debtors' Statements as property or assets of third parties within the control of the Debtors.  Nothing in the Statements or Schedules is or shall be construed as an admission or determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to any of such issues, including, but not limited to, the recharacterization thereof.

o.   **Liens**.  The inventories, property, and equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, or similar liens that may attach (or have attached) to such inventories, property, and equipment, and the Debtors reserve all of their rights with respect to such liens (if any).  UCC liens as of the Petition Date, if any, are listed on Schedule D.

p.   **Excluded Assets and Liabilities**.  Certain liabilities resulting from accruals, liabilities recognized in accordance with GAAP, and/or estimates of long-term liabilities either are not payable at this time or have not yet been reported.  Therefore, they do not represent specific claims as of the Petition Date and are not otherwise set forth in the Schedules.  Additionally, certain deferred assets, charges, accounts or reserves recorded for GAAP reporting purposes only, and certain assets with a net book value of zero are not included in the Schedules.  Excluded categories of assets and liabilities may include, but are not limited to, deferred tax assets and liabilities, deferred income, deferred charges, and right to use assets.  In addition, and as set forth above, the Debtors may have excluded amounts for which the Debtors have paid or have been granted authority to pay pursuant to the First Day Orders or other order that may be entered by the Court.  Other immaterial assets and liabilities may have been excluded.

q.   **Undetermined Amounts**.  The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

r.    **Totals**. All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified as "unknown" or "undetermined." If there are unknown or undetermined amounts, the actual totals may be materially different from the listed totals. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount. To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

s.    **Credits and Adjustments**. The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (ii) be net of accrued credits, allowances, rebates, trade debits, or other adjustments that are actually owed by a creditor to the Debtors on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and postpetition payments, if applicable. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including but not limited to, the right to assert claims objections and/or setoffs with respect to the same.

t.    **Guarantees and Other Secondary Liability Claims**. The Debtors exercised their reasonable efforts to locate and identify guarantees and other secondary liability claims (the "Guarantees") in their secured financings, debt instruments, and other agreements. However, a review of these agreements, specifically the Debtors' unexpired leases and executory contracts, is ongoing. Where such Guarantees have been identified, they have been included in the relevant Schedule H for the affected Debtor or Debtors. The Debtors have reflected the obligations under the Guarantees for both the primary obligor and the guarantors with respect to their secured financings and debt instruments on Schedule H. Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements inadvertently may have been omitted. The Debtors may identify additional Guarantees as they continue their review of their books and records and contractual agreements. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional Guarantees are identified.

u.    **Executory Contracts**. Although the Debtors made diligent efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

v.    **Allocation of Liabilities**. The Debtors, in consultation with their advisors, have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes

available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to amend and/or supplement the Schedules and Statements as they deem appropriate in this regard.

w.    **Unliquidated Claim Amounts**.  Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

x.    **Umbrella or Master Agreements**.  Contracts and leases listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors.  Where relevant, such agreements have been listed in the Schedules and Statements only for the Debtor entity that signed the original umbrella or master agreement.  Other Debtors, however, may be liable together with such Debtor on account of such agreements and the Debtors reserve all rights to amend the Schedules to reflect changes regarding the liability of the Debtors with respect to such agreements, if appropriate.  The master service agreements or other ancillary documents have been listed in Schedule G, but do not reflect any decision by the Debtor as to whether or not such agreements are executory in nature.

**Specific Schedule Disclosures**

Schedules A/B, D, E/F, G, and H may contain explanatory or qualifying notes that pertain to the information provided in the Schedules.  Those Schedule-specific notes are incorporated herein by reference.  Unless otherwise noted, the asset totals listed on the Schedules are derived from amounts included in the Debtors' books and records as of the Petition Date.  To the extent there are unknown or undetermined amounts, the actual total may be different from the total listed.

1. **Schedule A/B**

a.    **Part 1**.  HFS's Cash Management System is composed of 34 bank accounts, (each, a "Bank Account" and, collectively, the "Bank Accounts").  Of those Bank Accounts, 20 are owned and controlled by the Debtors (the "Debtor Bank Accounts"), 14 are owned and controlled by non-Debtor affiliates ("Non-Debtor Bank Accounts").  Further details with respect to the Cash Management System are provided in the Cash Management Motion.

b.    **Part 2**.  The Debtors maintain certain deposits in the ordinary course of their business operations.  These deposits are included in the Schedules for the appropriate legal entity.  Types of deposits include, among other things, security deposits, and utility deposits.  Certain prepaid or amortized assets are not listed in Part 2 in accordance with the Debtors' accounting policies.  The amounts listed in Part 2 do not necessarily reflect values that the Debtors will be able to collect or realize.

c.    **Part 3**.  The Debtors' accounts receivable information includes receivables from the Debtors' customers or third parties which may be calculated net of any amounts that, as of the Petition Date, may be owed to such parties in the form of offsets or

other price adjustments pursuant to the Debtors' customer programs and day-to-day operations or may, in the Debtors' opinion, be difficult to collect from such parties due to the passage of time or other circumstances. The accounts receivable balances in this section exclude intercompany receivables.

d.     **Part 4**.  Part 4 identifies only subsidiaries owned directly by the Debtor entity. Subsidiaries owned indirectly by the Debtor entity are not listed.  Ownership interests in subsidiaries, partnerships, and joint interests have been listed in Schedule A/B, Question 15 as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

e.     **Parts 7 and 8**.  Actual realizable values of the assets identified may vary significantly relative to net book values as of the Petition Date.

f.     **Part 9**.  Property leased by the Debtors is listed in Schedule G and is not listed in Part 9 of Schedule A/B, with the exception of any leasehold improvements or security deposits for such property, which is listed on Schedule A/B.  Actual realizable values of the assets identified may vary significantly relative to net book values as of the Petition Date.  Due to the volume of leasehold improvements across various locations, it is not practicable nor feasible for the Debtors to list each individually.  As detailed in the *Declaration of Robert M. Caruso, Chief Restructuring Officer of The Debtors, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 30] (the "First Day Declaration"), the Debtors undertook a series of sale leaseback transactions prior to the Petition Date that have been accounted for as financing transactions with the purchaser of the leased properties in accordance with GAAP, and therefore the net book value of the Debtors' buildings and land included in Part 9 of Schedule A/B includes the net book value of these transferred buildings and land properties as they are still included as assets in the Debtors' books and records in order to comply with GAAP.

g.     **Part 10**.  Part 10 identifies the various trademarks, patents and website domains owned and maintained by the Debtors.  The Schedules may not list the value of such intangible assets as no recent appraisals have been performed.  Various software licenses the Debtors use for its operations which are easily obtainable and hold minimal value are not included.

**Part 11**.  The Debtors attempted to list known causes of action and other claims.  Potential preference actions and/or fraudulent transfer actions were not listed because the Debtors have not completed an analysis of such potential claims.  The Debtors' failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist, and should not be construed as a waiver of such cause of action, claim, or right.

2.  **Schedule D**

    a.    The claims listed on Schedule D, as well as the guarantees of those claims listed on Schedule H, arose and were incurred on various dates.  To the best of the Debtors' knowledge, all claims listed on Schedule D arose or were incurred before the Petition Date.

    b.    Except as otherwise agreed or stated pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtors and/or their estates reserve their right to dispute and challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor and, subject to the foregoing limitations, note as follows:  (a) although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken, and (b) the descriptions provided on Schedule D and herein are intended to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  Detailed descriptions of the Debtors' prepetition debt structure, guarantees, and descriptions of collateral relating to each debt, if any, contained on Schedule D are contained in the First Day Declaration.

    c.    Except as specifically stated herein, real property lessors, equipment lessors, utility companies, and other parties which may hold security deposits or other security interests have not been listed on Schedule D.

    d.    The Debtors have not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, or advance payments posted by, or on behalf of, the Debtors, or judgment or statutory lien rights.  The Debtors have not investigated which of the claims may include such rights, and their population is currently unknown.

3.  **Schedule E/F**

    a.    **Part 1**.  The claims listed on Part 1 arose and were incurred on various dates.  A determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, no such dates are included for each claim listed on Part 1.

        The Debtors have not listed any wage or wage-related obligations that the Debtors have paid pursuant to the First Day Orders on Part 1.  The Debtors believe that all such claims for wages, salaries, expenses, benefits and other compensation as described in the First Day Orders have been or will be satisfied in the ordinary course during these chapter 11 cases pursuant to the authority granted to the Debtors in the relevant First Day Orders.  The Debtors reserve their right to dispute

14

or challenge whether creditors listed on Part 1 are entitled to priority claims under the Bankruptcy Code.

The Debtors also have not listed any tax-related obligations that the Debtors have paid pursuant to the First Day Orders on Part 1. The Debtors believe that all such claims for taxes as described in the First Day Orders have been or will be satisfied in the ordinary course during these chapter 11 cases pursuant to the authority granted to the Debtors in the relevant First Day Orders. The Debtors reserve their right to dispute or challenge whether creditors listed on Part 1 are entitled to priority claims under the Bankruptcy Code.

b.   **Part 2**. The Debtors have exercised their reasonable efforts to list all liabilities on Part 2 of each applicable Debtor's Schedule. As a result of the Debtors' consolidated operations, however, Part 2 for each Debtor should be reviewed in these cases for a complete understanding of the unsecured claims against the Debtors. Certain creditors listed on Part 2 may owe amounts to the Debtors, and, as such, the Debtors may have valid setoff and recoupment rights with respect to such amounts. The amounts listed on Part 2 may not reflect any such right of setoff or recoupment, and the Debtors reserve all rights to assert the same and to dispute and challenge any setoff and/or recoupment rights that may be asserted against the Debtors by a creditor. Additionally, certain creditors may assert mechanics' or other similar liens against the Debtors for amounts listed on Part 2. The Debtors reserve their right to dispute and challenge the validity, perfection, and immunity from avoidance of any lien purported to be perfected by a creditor listed on Part 2 of any Debtor. In addition, certain claims listed on Part 2 may potentially be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

The Debtors have made reasonable efforts to include all unsecured creditors on Part 2. The Debtors, however, believe the possibility exists that there are instances where creditors have yet to provide proper invoices for prepetition goods or services. While the Debtors maintain general accruals to account for these liabilities in accordance with GAAP, these amounts are estimates and have not been included on Part 2.

To the best of the Debtors' knowledge, all claims listed on Part 2 arose or were incurred before the Petition Date.

Unless otherwise noted, the claims listed on Part 2 are based on the Debtors' books and records as of the Petition Date. The Debtors have excluded workers' compensation claims from the Statements because the Debtors are fully insured for and continue to honor their workers' compensation obligations in the ordinary course in accordance with the *Order (I) Authorizing Debtors to (A) Pay Prepetition Wages, Employee Benefits Obligations, and Other Compensation, and (B) Continue Employee Benefits Programs and Pay Related Administrative Obligations; and (II) Granting Related Relief* [Docket No. 84] (the "<u>Wages Order</u>").

Part 2 does not include certain balances including deferred liabilities, accruals, or reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals primarily represent estimates of liabilities and do not represent specific claims as of the Petition Date.

Part 2 may not include reserves for liabilities that may have arisen under litigation in which a Debtor is a defendant unless there is a final judgment or a settlement agreement.

The claims of individual creditors may not reflect credits and/or allowances due from creditors to the applicable Debtor. The Debtors reserve all of their rights with respect to any such credits and/or allowances, including the right to assert objections and/or setoffs or recoupments with respect to same.

The Court has authorized the Debtors to pay, in their discretion, certain non-priority unsecured claims pursuant to the First Day Orders. To the extent practicable, each Debtor's Schedule E/F is intended to reflect the balance as of the Petition Date, adjusted for postpetition payments made under some or all of the First Day Orders. Each Debtor's Schedule E/F will reflect some of that Debtor's payment of certain claims pursuant to the First Day Orders, and, to the extent an unsecured claim has been paid or may be paid, it is possible such claim is not included on Schedule E/F. Certain Debtors may pay additional claims listed on Schedule E/F during these chapter 11 cases pursuant to the First Day Orders and other orders of the Court and the Debtors reserve all of their rights to update Schedule E/F to reflect such payments or to modify the claims register to account for the satisfaction of such claims. Additionally, Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**4. Schedule G**

a. Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases (collectively, the "Agreements") as of the filing of the Statements and Schedules, the Debtors' collection and review process of the Agreements is ongoing and inadvertent errors, omissions, or over or under-inclusion may have occurred. The Debtors may have entered into various other types of Agreements in the ordinary course of their businesses, such as indemnity agreements, supplemental agreements, amendments/letter agreements, master service agreements and confidentiality agreements which may not be set forth in Schedule G. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. Schedule G may be amended at any time to add any omitted Agreements. Likewise, the listing of an Agreement on Schedule G does not constitute an admission that such Agreement is an executory contract or unexpired lease or that such Agreement was in effect on the Petition Date or is valid or enforceable. The Agreements listed on Schedule G may have expired or may have been modified, amended, or

16

supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G.

**5. Schedule H**

a.   The Debtors are party to various debt agreements which were executed by multiple Debtors. The guaranty obligations under prepetition secured credit agreements are noted on Schedule H for each individual Debtor. In the ordinary course of their businesses, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their businesses. Some of these matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. To the extent such claims are listed elsewhere in the Schedules of each applicable Debtor, they have not been set forth individually on Schedule H. In the event that two or more Debtors are co-obligors with respect to a scheduled debt or guaranty, such debt or guaranty is listed in the Schedules and Statements of each such Debtor at the full amount of such potential claim. No claim set forth on the Schedules and Statements of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other Debtors or non-Debtors. To the extent these Global Notes include notes specific to Schedules D-G, such Global Notes also apply to the co-Debtors listed in Schedule H. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

**Specific Notes with Respect to the Debtors' Statements of Financial Affairs**

**1. Statement 3.** As described in the Cash Management Motion, the Debtors utilize their integrated, centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated by their operations.

a.   The payments disclosed in Statement 3 are based on payments made by the Debtors within the 90 days before the Petition Date. Amounts still owed to creditors will appear on the Schedules for each Debtor, as applicable.

b.   The response to Statement 3 excludes regular salary payments and disbursements or transfers for this period, which are listed, to the extent required, on Statement 4.

c.   The response to Statement 3 excludes payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy for this period, which are listed on Statement 11.

**2. Statement 7.** While the Debtors believe they were diligent in their efforts to list the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the Debtors were involved in any capacity within one year before the Petition Date, it is possible that certain suits and proceedings may have been inadvertently

excluded in the Debtors' response to Statement 7.  The Debtors reserve all of their rights to amend or supplement their response to Statement 7.

3.  **<u>Statement 11</u>**.   All payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date are listed on the applicable Debtor's response to Statement 11.  Due to the nature of certain of the Debtors' professionals' work, distinguishing payments related to the Debtors' bankruptcy proceedings from payments for services unrelated to the Debtors' bankruptcy proceedings can be difficult.  The Debtors have therefore included some payments related to non-bankruptcy-related services on Statement 11 out of an abundance of caution.  Additional information regarding the Debtors' retention of professional service firms is more fully described in individual retention applications and related orders.

In addition, the Debtors have listed payments made to professionals retained by the Debtors but not payments made to advisors of their lenders or other parties.

4.  **<u>Statement 25</u>**.  The Debtors have used their reasonable efforts to identify the beginning and ending dates of all businesses in which the Debtors were a partner or owner within the six years immediately preceding the Petition Date.

5.  **<u>Statement 26</u>**.  The Debtors provide certain parties such as banks, auditors, potential investors, vendors and financial advisors with financial statements that may not be part of a public filing.   The Debtors do not maintain detailed records tracking such disclosures.

6.  **<u>Statement 30</u>**.  Refer to the Methodology section regarding all payments to insiders.

**Fill in this information to identify the case:**

Debtor name     Hearthside Holdco, LLC

United States Bankruptcy Court for the:    Southern District of Texas, Houston Division

Case number (If known):     24-90598

☐ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals

12/15

---

**Part 1:** **Summary of Assets**

1. *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

    1a. **Real property:**

        Copy line 88 from *Schedule A/B* .........................................................................................    $ _____ 0.00

    1b. **Total personal property:**

        Copy line 91A from *Schedule A/B* ......................................................................................    $ _____ 29,693,619.42*

    1c. **Total of all property:**

        Copy line 92 from *Schedule A/B* ........................................................................................    $ _____ 29,693,619.42*

---

**Part 2:** **Summary of Liabilities**

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

    Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* ..........................................    $ _____ Undetermined

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**

        Copy the total claims from Part 1 from line 5a of *Schedule E/F* .................................................    $ _____ 0.00

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**

        Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* .......................................    **+** $ _____ Undetermined

4. **Total liabilities** .............................................................................................................................    $ _____ Undetermined

    Lines 2 + 3a + 3b

---

**\*Plus Undetermined Amounts**

**Fill in this information to identify the case:**

Debtor name   Hearthside Holdco, LLC

United States Bankruptcy Court for the:   Southern District of Texas, Houston Division

Case number (If known)  24-90598

☐ Check if this is an amended filing

Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property 12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1: Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☑ No. Go to Part 2.

   ☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand**    $ _____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

   Name of institution (bank or brokerage firm)   Type of account   Last 4 digits of account number

   3.1 _____  _____  __ __ __ __    $ _____

   3.2 _____  _____  __ __ __ __    $ _____

4. **Other cash equivalents** *(Identify all)*

   4.1 _____    $ _____

   4.2 _____    $ _____

5. **Total of Part 1**

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.    $ _____ 0.00

### Part 2: Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

   ☑ No. Go to Part 3.

   ☐ Yes. Fill in the information below.    Current value of debtor's interest

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

   7.1 _____    $ _____

   7.2 _____    $ _____

| Debtor | Hearthside Holdco LLC | | Case number (if known) 24-90586 |
|---|---|---|---|
| | Name | | |

**8.  Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

8.1 _____     $ _____

8.2 _____     $ _____

**9.  Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81.     $ _____ 0.00

---

## Part 3:  Accounts receivable

**10.  Does the debtor have any accounts receivable?**

☑  No. Go to Part 4.

☐  Yes. Fill in the information below.

| | | | **Current value of debtor's interest** |
|---|---|---|---|

**11.  Accounts receivable**

11a. 90 days old or less:  _____ − _____ = ..... →  $ _____
                          face amount    doubtful or uncollectible accounts

11b. Over 90 days old:  _____ − _____ = ..... →  $ _____
                        face amount    doubtful or uncollectible accounts

**12.  Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.     $ _____ 0.00

---

## Part 4:  Investments

**13.  Does the debtor own any investments?**

☐  No. Go to Part 5.

☑  Yes. Fill in the information below.

| | | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|

**14.  Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

| 14.1 None | | _____ | $ _____ 0.00 |
| 14.2 _____ | | _____ | $ _____ |

**15.  Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                          % of ownership:

| 15.1 See Attached Rider | _____ % | _____ | $ Undetermined |
| 15.2 _____ | _____ % | _____ | $ _____ |

**16.  Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

| 16.1 None | | _____ | $ _____ 0.00 |
| 16.2 _____ | | _____ | $ _____ |

**17.  Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.     $ _____ Undetermined

---

*Plus Undetermined Amounts

| Debtor | Hearthside Holdco, LLC | Case number (if known) 24-90586 |
|--------|------------------------|--------------------------------|
| | Name | |

| Part 5: | Inventory, excluding agriculture assets |
|---------|------------------------------------------|

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.
☐ Yes. Fill in the information below.

| General Description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|--------------------------------------|-------------------------------------------------------|------------------------------------------|-------------------------------------|
| **19. Raw materials** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |
| **20. Work in progress** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |
| **21. Finished goods, including goods held for resale** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |
| **22. Other inventory or supplies** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |

**23. Total of Part 5.**
Add lines 19 through 22. Copy the total to line 84.

$ _____ 0.00

**24. Is any of the property listed in Part 5 perishable?**
☐ No
☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☐ No
☐ Yes. Book value  $ _____   Valuation method _____   Current value  $ _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☐ No
☐ Yes

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---------|---------------------------------------------------------------------------------|

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|-------------------------------------------------------|------------------------------------------|-------------------------------------|
| **28. Crops–either planted or harvested** | | | |
| _____ | $ _____ | _____ | $ _____ |
| **29. Farm animals** *Examples*: Livestock, poultry, farm-raised fish | | | |
| _____ | $ _____ | _____ | $ _____ |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| _____ | $ _____ | _____ | $ _____ |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| _____ | $ _____ | _____ | $ _____ |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| _____ | $ _____ | | $ _____ |

Debtor   Hearthside Holdco, LLC
_____
         Name                                                    Case number (if known) 24-90586

33. **Total of Part 6.**

    Add lines 28 through 32. Copy the total to line 85.                    $_____0.00

34. **Is the debtor a member of an agricultural cooperative?**

    ☐ No

    ☐ Yes. Is any of the debtor's property stored at the cooperative?

        ☐ No

        ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

    ☐ No

    ☐ Yes. Book value  $_____   Valuation method _____   Current value  $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

    ☐ No

    ☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

    ☐ No

    ☐ Yes

---

**Part 7:   Office furniture, fixtures, and equipment; and collectibles**

38  **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

    ☑ No. Go to Part 8.

    ☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| _____ | $_____ | _____ | $_____ |
| 40. **Office fixtures** | | | |
| _____ | $_____ | _____ | $_____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| _____ | $_____ | _____ | $_____ |
| 42. **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 _____ | $_____ | _____ | $_____ |
| 42.2 _____ | $_____ | _____ | $_____ |
| 42.3 _____ | $_____ | _____ | $_____ |

43. **Total of Part 7.**

    Add lines 39 through 42. Copy the total to line 86.                    $_____0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

    ☐ No

    ☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

    ☐ No

    ☐ Yes

| Debtor | Hearthside Holdco, LLC | Case number (If known) 24-90598 |
|---|---|---|
| | Name | |

## Part 8: Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General Description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| | | | |
|---|---|---|---|
| 47.1 | $ | | $ |
| 47.2 | $ | | $ |
| 47.3 | $ | | $ |
| 47.4 | $ | | $ |

48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| | | | |
|---|---|---|---|
| 48.1 | $ | | $ |
| 48.2 | $ | | $ |

49. **Aircraft and accessories**

| | | | |
|---|---|---|---|
| 49.1 | $ | | $ |
| 49.2 | $ | | $ |

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| | | | |
|---|---|---|---|
| | $ | | $ |

51. **Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

| $ | 0.00 |
|---|---|

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor  Hearthside Holdco LLC
_____    Case number (if known) 24-90598
        Name

## Part 9:  Real property

54. **Does the debtor own or lease any real property?**

☒ No. Go to Part 10.

☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.2 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.3 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.4 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.5 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.6 _____ | _____ | $ _____ | _____ | $ _____ |

56. **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$ _____ 0.00

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 10:  Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

☒ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets**<br>_____ | $ _____ | _____ | $ _____ |
| 61. **Internet domain names and websites**<br>_____ | $ _____ | _____ | $ _____ |
| 62. **Licenses, franchises, and royalties**<br>_____ | $ _____ | _____ | $ _____ |
| 63. **Customer lists, mailing lists, or other compilations**<br>_____ | $ _____ | _____ | $ _____ |
| 64. **Other intangibles, or intellectual property**<br>_____ | $ _____ | _____ | $ _____ |
| 65. **Goodwill**<br>_____ | $ _____ | _____ | $ _____ |

66. **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$ _____ 0.00

Debtor   Hearthside Holdco, LLC
                Name                                            Case number (if known)   24-90586

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

  ☐ No

  ☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

  ☐ No

  ☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

  ☐ No

  ☐ Yes

| Part 11: | All other assets |
|---|---|

**70. Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

  ☐ No. Go to Part 12.

  ☑ Yes. Fill in the information below.

|  |  | Current value of debtor's interest |
|---|---|---|
| **71. Notes receivable** |  |  |
| Description (include name of obligor) |  |  |
| None    —    Total Face Amount    Doubtful or uncollectible Amount   = → | | $    0.00 |
| **72. Tax refunds and unused net operating losses (NOLs)** |  |  |
| Description (for example, federal, state, local) |  |  |
| None    Tax Year | | $    0.00 |
|    Tax Year | | $ |
|    Tax Year | | $ |
| **73. Interests in insurance policies or annuities** |  |  |
| See Attached Rider | | $    Undetermined |
| **74. Causes of action against third parties (whether or not a lawsuit has been filed)** |  |  |
| None | | $    0.00 |
| Nature of Claim |  |  |
| Amount Requested    $ |  |  |
| **75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims** |  |  |
| None | | $    0.00 |
| Nature of Claim |  |  |
| Amount Requested    $ |  |  |
| **76. Trusts, equitable or future interests in property** |  |  |
| None | | $    0.00 |
| **77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership |  |  |
| INTERCOMPANY RECEIVABLE FROM: INTERBAKE CANADA, INC. | | $    29,693,619.42 |
| | | $ |
| **78. Total of Part 11.** |  |  |
| Add lines 71 through 77. Copy the total to line 90. | | $    29,693,619.42* |

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

  ☑ No

  ☐ Yes

**\*Plus Undetermined Amounts**

| Debtor | Hearthside Holdco, LLC | Case number (If known) | 24-90598 |
|---|---|---|---|
| | Name | | |

## Part 12: Summary

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of Property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ Undetermined | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* ............................................ → | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | $ 29,693,619.42* | |
| 91. **Total.** Add lines 80 through 90 for each column............91a. | $ 29,693,619.42* | + 91b. $0.00 |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92........................................................... $ 29,693,619.42*

*Plus Undetermined Amounts

Debtor Name:  Hearthside Holdco, LLC                                                                      Case Number:  24-90598

**Assets - Real and Personal Property**

**Part 4, Question 15:** Non-publicly traded stock interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture.

| Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture *(Name of entity:)* | % of Ownership | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| HEARTHSIDE COÖPERATIEF U.A | 100.00% | N/A | Undetermined |
| HEARTHSIDE DUTCH SUB B.V. | 100.00% | N/A | Undetermined |
| HEARTHSIDE FOOD SOLUTIONS, LLC | 100.00% | N/A | Undetermined |
| HEARTHSIDE USA – CPG PARTNERS, LLC | 100.00% | N/A | Undetermined |
| HEARTHSIDE USA, LLC | 100.00% | N/A | Undetermined |
| INTERBAKE CANADA INC. | 100.00% | N/A | Undetermined |
| INTERBAKE FOODS, LLC | 100.00% | N/A | Undetermined |
| PEACOCK ENGINEERING COMPANY II, LLC | 100.00% | N/A | Undetermined |
| RYT-WAY MIDCO, LLC | 100.00% | N/A | Undetermined |
| | | **TOTAL** | $0.00 |
| | | | + Undetermined Amounts |

Debtor Name:  Hearthside Holdco, LLC                                        Case Number:  24-90598

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| ALLIANZ GLOBAL RISKSUS INSURANCE COMPANY | EXCESS LIABILITY | USL03066124 | Undetermined |
| ALLIANZ UNDERWRITERS INSURANCE COMPANY | ENVIRONMENTAL LIABILITY | U5L00084122 | Undetermined |
| AMERICAN GUARANTEE AND LIABILITYINSURANCE COMPANY | EXCESS LIABILITY | AEC 9960532-01 | Undetermined |
| ARCH CAPITAL GROUP | EXCESS PROPERTY | VARIOUS | Undetermined |
| ARCH REINSURANCE CO | EXCESS PROPERTY | VARIOUS | Undetermined |
| ASCOT INSURANCECOMPANY | DIRECTORS AND OFFICERS LIABILITY | MLXS2410001497-01 | Undetermined |
| AXA XL REINSURANCE LTD | EXCESS PROPERTY | VARIOUS | Undetermined |
| AXIS CAPITAL | EXCESS PROPERTY | VARIOUS | Undetermined |
| CAN INSURANCE | EXCESS PROPERTY | VARIOUS | Undetermined |
| COALITION | CYBER | C-4LPY-077047-CYBER-2024 | Undetermined |
| CORE SPEACIALTY INSURANCE HOLDINGS, INC. | EXCESS PROPERTY | VARIOUS | Undetermined |
| COVINGTON SPECIALTY INSURANCE COMPANY | DIRECTORS AND OFFICERS LIABILITY | VEL-100025-00 | Undetermined |
| E&S INSURANCE LLC | EXCESS PROPERTY | VARIOUS | Undetermined |
| ENDURANCE AMERICANINSURANCE COMPANY | DIRECTORS AND OFFICERS LIABILITY | MPX30056815600 | Undetermined |
| EQ ONE INSURANCESERVICES | EARTHQUAKE COVERAGE | LLD42389-00 | Undetermined |
| EVEREST REINSURANCE CO | EXCESS PROPERTY | VARIOUS | Undetermined |
| FALCON RISK SERVICES | CYBER | FRS-S-X-CT- 00010056-01 | Undetermined |
| FEDERAL INSURANCE COMPANY | EXECUTIVE LIABILITY | 8264-2423 | Undetermined |
| FIDELIS CARE | EXCESS PROPERTY | VARIOUS | Undetermined |
| GREAT AMERICAN ASSURANCE COMPANY | EXCESS LIABILITY | EXC5610427 | Undetermined |
| HANNOVER RE | EXCESS PROPERTY | VARIOUS | Undetermined |
| HDI GLOBAL INSURANCE COMPANY (FALCON) | EXCESS D&O LAYER VI | FRS-G-X-ML- 00010067-01 | Undetermined |
| HOWDEN | CONTAMINATED PRODUCTS INSURANCE | B0180PN2408648 | Undetermined |
| INTACT INSURANCE SPECIALTY SOLUTIONS | EXCESS PROPERTY | VARIOUS | Undetermined |

Debtor Name:  Hearthside Holdco, LLC                                                                    Case Number:  24-90598

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| KINSALE INSURANCE | EXCESS PROPERTY | VARIOUS | Undetermined |
| LEXINGTON INSURANCE COMPANY | EXCESS PROPERTY | VARIOUS | Undetermined |
| LLOYDS OF LONDON | EXCESS PROPERTY | VARIOUS | Undetermined |
| LLOYDS OF LONDON | MARINE STOCKTHROUGHPUT INSURANCE | B174012515MC24 | Undetermined |
| MUNICH REINSURANCE AMERICA INC. | EXCESS PROPERTY | VARIOUS | Undetermined |
| NATIONAL INDEMNITY | EXCESS PROPERTY | VARIOUS | Undetermined |
| PARAGON INSURANCE HOLDINGS | EXCESS PROPERTY | VARIOUS | Undetermined |
| RLI INSURANCE COMPANY | CRIME PROTECTION POLICY | BND0103069 | Undetermined |
| RSUI GROUP | EXCESS PROPERTY | VARIOUS | Undetermined |
| RSUI INDEMNITY COMPANY | DIRECTORS AND OFFICERS LIABILITY | NHS709613 | Undetermined |
| SOMPO HOLDINGS | EXCESS PROPERTY | VARIOUS | Undetermined |
| STARR INSURANCE | EXCESS PROPERTY | VARIOUS | Undetermined |
| SWISS RE CORPORATE SOLUTIONS AMERICAINSURANCE COMPANY | DIRECTORS AND OFFICERS LIABILITY | PMX 1000287-00 | Undetermined |
| SWISS RE CORPORATESOLUTIONS AMERICA INSURANCE COMPANY | CONTAMINATED PRODUCTS INSURANCE | PRL 2000353-07 | Undetermined |
| SWISS RE GROUP | EXCESS PROPERTY | VARIOUS | Undetermined |
| THE TRAVELERS INDEMNITY COMPANYOF CONNECTICUT | WORKERS COMPENSATION AND EMPLOYERS LIABILITY | UB-1Y652288-24- 51-K | Undetermined |
| THE TRAVELERS INSURANCE COMPANY | PROPERTY | KTJ-CMB-3N38385- 0-24 | Undetermined |
| TRAVELERS | BUSINESS AUTO | TJ-CAP-9P531624- TIL-24 | Undetermined |
| TRAVELERS | EXCESS FOLLOW FORM AND UMBRELLA | CUP-0Y903268-24- NF | Undetermined |
| TRAVELERS | GENERAL LIABILITY | UXNAC90176 | Undetermined |
| TRAVELERS | PROPERTY | UXNPT60323 | Undetermined |
| TRAVELERS PROPERTY CASUALTY COMPANY OFAMERICA | WORKERS COMPENSATION AND EMPLOYERS LIABILITY | TWXJ-UB- 9P531665-24 | Undetermined |
| TRAVELERS PROPERTYCASUALTY COMPANY OF AMERICA | COMMERCIAL INSURANCE | TJ-EXGL-9P531636- TIL-24 | Undetermined |

Debtor Name:  Hearthside Holdco, LLC                                                        Case Number:  24-90598

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| TRAVELERS PROPERTYCASUALTY COMPANY OF AMERICA | WORKERS COMPENSATION AND EMPLOYERS LIABILITY | UB-1Y649616-24- 51-R | Undetermined |
| WORLD RISK | FOREIGN COMMERICAL PACKAGE POLICY | WS11000812 | Undetermined |
| XL AMERICA, INC. | NON-OWNED AIRCRAFT LIABILITY | UA00019730AV24A | Undetermined |
| XL INSURANCE AMERICA, INC. | EQUIPMENT BREAKDOWN | US00100075PR24A | Undetermined |
| XL INSURANCE AMERICA, INC. | EXCESS LIABILITY | US00091106LI24A | Undetermined |
| ZURICH INSURANCE GROUP | EXCESS PROPERTY | VARIOUS | Undetermined |
| | | **TOTAL** | $0.00 |
| | | | + Undetermined Amounts |

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | Hearthside Holdco, LLC |
| United States Bankruptcy Court for the: | Southern District of Texas, Houston Division |
| Case number (If known): | 24-90598 |

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property          12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

## Part 1:    List Creditors Who Have Secured Claims

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | **Column A**<br>**Amount of Claim**<br>Do not deduct the value of collateral. | **Column B**<br>**Value of collateral that supports this claim** |
|---|---|---|

**2.1**

**Creditor's name**
ARES CAPITAL CORPORATION

**Describe debtor's property that is subject to a lien**
See Schedule D Disclosures

$ Undetermined    $ Undetermined

**Creditor's mailing address**
245 PARK AVENUE
44TH FLOOR
ATTN: RAY WRIGHT
NEW YORK, NY 10167

**Describe the lien**
Guarantor of 2L Term Loan

**Creditor's email address, if known**
AGENCY@ARESMGMT.COM

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Date debt was incurred**    UNDETERMINED

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☐ No
☑ Yes. Specify each creditor, including this creditor, and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☐ Disputed

**2.2**

**Creditor's name**
GOLDMAN SACHS LENDING PARTNERS, LLC

**Describe debtor's property that is subject to a lien**
See Schedule D Disclosures

$ Undetermined    $ Undetermined

**Creditor's mailing address**
200 WEST STREET
ATTN: ANNA ASHUROV
NEW YORK, NY 10282

**Describe the lien**
Guarantor of 1L Revolving Loan

**Creditor's email address, if known**
GS-DALLAS-ADMINAGENCY@NY.EMAIL.GS.COM

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Date debt was incurred**    UNDETERMINED

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☐ No
☑ Yes. Have you already specified the relative priority?
   ☑ No. Specify each creditor, including this creditor, and its relative priority.

   ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☐ Disputed

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**     $ _____

Debtor  Hearthside Holdco, LLC                                    Case number (If known)  24-90598
 Name

| Part 1: | Additional Page | Column A | Column B |
|---|---|---|---|

**Column A** Amount of Claim Do not deduct the value of collateral.

**Column B** Value of collateral that supports this claim

**Copy this page only if more space is needed.Continue numbering the lines sequentially from the previous page.**

---

**2.3**

**Creditor's name**
GOLDMAN SACHS LENDING PARTNERS, LLC

**Describe debtor's property that is subject to a lien**
See Schedule D Disclosures

$ ___Undetermined $ ___Undetermined

**Creditor's mailing address**
200 WEST STREET
ATTN: ANNA ASHUROV
NEW YORK, NY 10282

**Describe the lien**
Guarantor of 1L Term Loans

**Creditor's email address, if known**
GS-DALLAS-ADMINAGENCY@NY.EMAIL.GS.COM

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Date debt was incurred**        UNDETERMINED

**Last 4 digits of account number**

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☐ No
☑ Yes.  Have you already specified the relative priority?

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☐ Disputed

   ☑ No. Specify each creditor, including this creditor, and its relative priority.

   ☐ Yes. The relative priority of creditors is specified on lines

---

**2.4**

**Creditor's name**

**Describe debtor's property that is subject to a lien**

$ _____ $ _____

**Creditor's mailing address**

**Describe the lien**

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Date debt was incurred**

**Last 4 digits of account number**

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes.  Have you already specified the relative priority?

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

   ☐ No. Specify each creditor, including this creditor, and its relative priority.

   ☐ Yes. The relative priority of creditors is specified on lines

---

| Debtor | Hearthside Holdco, LLC | Case number (If known): | 24-90598 |
|---|---|---|---|
| | Name | | |

---

| **Part 2:** | **List Others to Be Notified for a Debt Already Listed in Part 1** |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |

---

| Fill in this information to identify the case: | |
|---|---|
| Debtor | Hearthside Holdco, LLC |
| United States Bankruptcy Court for the: | Southern District of Texas, Houston Division |
| Case number (If known) | 24-90598 |

☐ Check if this is an amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims
12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

## Part 1:    List All Creditors with PRIORITY Unsecured Claims

**1.** **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
☑ No. Go to Part 2.
☐ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|
| **2.1** Priority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* ☐ Contingent ☐ Unliquidated ☐ Disputed **Basis for the claim:** | $ | $ |
| Date or dates debt was incurred | | | |
| Last 4 digits of account number | Is the claim subject to offset? | | |
| **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) () | ☐ No ☐ Yes | | |
| **2.2** Priority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* ☐ Contingent ☐ Unliquidated ☐ Disputed **Basis for the claim:** | $ | $ |
| Date or dates debt was incurred | | | |
| Last 4 digits of account number | Is the claim subject to offset? | | |
| **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) () | ☐ No ☐ Yes | | |
| **2.3** Priority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* ☐ Contingent ☐ Unliquidated ☐ Disputed **Basis for the claim:** | $ | $ |
| Date or dates debt was incurred | | | |
| Last 4 digits of account number | Is the claim subject to offset? | | |
| **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) () | ☐ No ☐ Yes | | |

| Debtor | Hearthside Holdco, LLC | Case number (if known) | 24-90586 |
|--------|------------------------|------------------------|----------|
| | Name | | |

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

**3.** **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  | | | Amount of claim |
|--|--|--|-----------------|

**3.1** **Nonpriority creditor's name and mailing address**
U.S. BANK NATIONAL ASSOCIATION
333 COMMERCE ST.
SUITE 900
ATTN: DEFAULT GROUP OF U.S. BANK GLOBAL CORPORATE TRUST
NASHVILLE, TN 37075

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☐ Disputed

**Basis for the claim:**  Guarantor of 2026 Senior Unsecured Notes Indenture

$                    Undetermined

**Date or dates debt was incurred**      UNDETERMINED

**Is the claim subject to offset?**
☑ No
☐ Yes

**Last 4 digits of account number**

---

**3.2** **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$

**Date or dates debt was incurred**

**Is the claim subject to offset?**
☐ No
☐ Yes

**Last 4 digits of account number**

---

**3.3** **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$

**Date or dates debt was incurred**

**Is the claim subject to offset?**
☐ No
☐ Yes

**Last 4 digits of account number**

---

**3.4** **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$

**Date or dates debt was incurred**

**Is the claim subject to offset?**
☐ No
☐ Yes

**Last 4 digits of account number**

---

**3.5** **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$

**Date or dates debt was incurred**

**Is the claim subject to offset?**
☐ No
☐ Yes

**Last 4 digits of account number**

---

**3.6** **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$

**Date or dates debt was incurred**

**Is the claim subject to offset?**
☐ No
☐ Yes

**Last 4 digits of account number**

| Debtor | Hearthside Holdco, LLC | Case number (if known): | 24-90598 |
|---|---|---|---|
| | Name | | |

| **Part 3:** | **List Others to Be Notified About Unsecured Claims** |
|---|---|

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.**

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | | Line<br>☐ Not listed. Explain | |
| 4.2 | | Line<br>☐ Not listed. Explain | |
| 4.3 | | Line<br>☐ Not listed. Explain | |
| 4.4 | | Line<br>☐ Not listed. Explain | |
| 4.5 | | Line<br>☐ Not listed. Explain | |
| 4.6 | | Line<br>☐ Not listed. Explain | |
| 4.7 | | Line<br>☐ Not listed. Explain | |
| 4.8 | | Line<br>☐ Not listed. Explain | |
| 4.9 | | Line<br>☐ Not listed. Explain | |

| Debtor | Hearthside Holdco, LLC | Case number (If known) | 24-90598 |
|---|---|---|---|
| | Name | | |

<table>
<tr><td colspan="2"><strong>Part 4:</strong></td><td colspan="2"><strong>Total Amounts of the Priority and Nonpriority Unsecured Claims</strong></td></tr>
</table>

**5.**   **Add the amounts of priority and nonpriority unsecured claims.**

|  |  |  | **Total of claim amounts** |
|---|---|---|---|
| 5a. | **Total claims from Part 1** | 5a. | $ _____ 0.00 |
| 5b. | **Total claims from Part 2** | 5b. **+** | $ _____ 0.00 |
| | | | + Undetermined Amounts |
| 5c. | **Total of Parts 1 and 2** <br> Lines 5a + 5b = 5c. | 5c. | $ _____ 0.00 |
| | | | + Undetermined Amounts |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name    Hearthside Holdco, LLC

United States Bankruptcy Court for the:    Southern District of Texas, Houston Division

Case number (If known):    24-90598

☐ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.1 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | LEASE AS AMENDED DATED: 09/14/2023 | GPT ELK GROVE OWNER LLC<br>ATTN: GENERAL COUNSEL<br>90 PARK AVENUE<br>32ND FLOOR<br>NEW YORK, NY 10016 |
| 2.2 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | EMPLOYEMENT AGREEMENT DATED: 06/26/2022 | NICOSIA, DARLENE<br>3333 FINLEY ROAD, SUITE 800<br>DOWNERS GROVE, IL 60515 |
| | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | | |
| | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | | |
| | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | | |

**Fill in this information to identify the case:**

Debtor name    Hearthside Holdco, LLC

United States Bankruptcy Court for the:    Southern District of Texas, Houston Division

Case number (If known):    24-90598

☐ Check if this is an amended filing

Official Form 206H

## Schedule H: Codebtors

12/15

Be as complete and accurate as possible.   If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the additional Page to this page.

**1. Does the debtor have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | **Check all schedules that apply:** |
| 2.1 | Hearthside Finance Company, Inc. | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | ARES CAPITAL CORPORATION | ☑ D <br> ☐ E/F <br> ☐ G |
| 2.2 | Hearthside Finance Company, Inc. | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | GOLDMAN SACHS LENDING PARTNERS, LLC | ☑ D <br> ☐ E/F <br> ☐ G |
| 2.3 | Hearthside Finance Company, Inc. | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | U.S. BANK NATIONAL ASSOCIATION | ☐ D <br> ☑ E/F <br> ☐ G |
| 2.4 | Hearthside Food Solutions, LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | ARES CAPITAL CORPORATION | ☑ D <br> ☐ E/F <br> ☐ G |
| 2.5 | Hearthside Food Solutions, LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | GOLDMAN SACHS LENDING PARTNERS, LLC | ☑ D <br> ☐ E/F <br> ☐ G |
| 2.6 | Hearthside Food Solutions, LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | U.S. BANK NATIONAL ASSOCIATION | ☐ D <br> ☑ E/F <br> ☐ G |

| Debtor | Hearthside Holdco, LLC | Case number (If known): | 24-90598 |
|---|---|---|---|
| | Name | | |

| | **Additional Page if Debtor Has More Codebtors** |
|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | **Check all schedules that apply:** |
| 2.7 | Hearthside USA - Corporate, Inc. | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | ARES CAPITAL CORPORATION | ☑ D  ☐ E/F  ☐ G |
| 2.8 | Hearthside USA - Corporate, Inc. | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | GOLDMAN SACHS LENDING PARTNERS, LLC | ☑ D  ☐ E/F  ☐ G |
| 2.9 | Hearthside USA - Corporate, Inc. | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | U.S. BANK NATIONAL ASSOCIATION | ☐ D  ☑ E/F  ☐ G |
| 2.10 | Hearthside USA – CPG Partners, LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | ARES CAPITAL CORPORATION | ☑ D  ☐ E/F  ☐ G |
| 2.11 | Hearthside USA – CPG Partners, LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | GOLDMAN SACHS LENDING PARTNERS, LLC | ☑ D  ☐ E/F  ☐ G |
| 2.12 | Hearthside USA – CPG Partners, LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | U.S. BANK NATIONAL ASSOCIATION | ☐ D  ☑ E/F  ☐ G |
| 2.13 | Hearthside USA – Produce & Foodservice, LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | ARES CAPITAL CORPORATION | ☑ D  ☐ E/F  ☐ G |
| 2.14 | Hearthside USA – Produce & Foodservice, LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | GOLDMAN SACHS LENDING PARTNERS, LLC | ☑ D  ☐ E/F  ☐ G |

Debtor  Hearthside Holdco, LLC

Name

Case number (If known): 24-90598

### Additional Page if Debtor Has More Codebtors

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | **Check all schedules that apply:** |
| 2.15 | Hearthside USA – Produce & Foodservice, LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | U.S. BANK NATIONAL ASSOCIATION | ☐ D ☑ E/F ☐ G |
| 2.16 | Hearthside USA, LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | ARES CAPITAL CORPORATION | ☑ D ☐ E/F ☐ G |
| 2.17 | Hearthside USA, LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | GOLDMAN SACHS LENDING PARTNERS, LLC | ☑ D ☐ E/F ☐ G |
| 2.18 | Hearthside USA, LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | U.S. BANK NATIONAL ASSOCIATION | ☐ D ☑ E/F ☐ G |
| 2.19 | H-Food Holdings, LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | ARES CAPITAL CORPORATION | ☑ D ☐ E/F ☐ G |
| 2.20 | H-Food Holdings, LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | GOLDMAN SACHS LENDING PARTNERS, LLC | ☑ D ☐ E/F ☐ G |
| 2.21 | H-Food Holdings, LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | U.S. BANK NATIONAL ASSOCIATION | ☐ D ☑ E/F ☐ G |
| 2.22 | Interbake Foods, LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | ARES CAPITAL CORPORATION | ☑ D ☐ E/F ☐ G |

| Debtor | Hearthside Holdco, LLC | | Case number (If known): | 24-90598 |
|---|---|---|---|---|
| | Name | | | |

## Additional Page if Debtor Has More Codebtors

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | **Check all schedules that apply:** |
| 2.23 | Interbake Foods, LLC | 3333 Finley Rd.<br>Suite 800<br>Downer's Grove, IL 60515 | GOLDMAN SACHS LENDING PARTNERS, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.24 | Interbake Foods, LLC | 3333 Finley Rd.<br>Suite 800<br>Downer's Grove, IL 60515 | U.S. BANK NATIONAL ASSOCIATION | ☐ D<br>☑ E/F<br>☐ G |
| 2.25 | Matterhorn Buyer, LLC | 3333 Finley Rd.<br>Suite 800<br>Downer's Grove, IL 60515 | ARES CAPITAL CORPORATION | ☑ D<br>☐ E/F<br>☐ G |
| 2.26 | Matterhorn Buyer, LLC | 3333 Finley Rd.<br>Suite 800<br>Downer's Grove, IL 60515 | GOLDMAN SACHS LENDING PARTNERS, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.27 | Matterhorn Buyer, LLC | 3333 Finley Rd.<br>Suite 800<br>Downer's Grove, IL 60515 | U.S. BANK NATIONAL ASSOCIATION | ☐ D<br>☑ E/F<br>☐ G |
| 2.28 | Oak State Products, LLC | 3333 Finley Rd.<br>Suite 800<br>Downer's Grove, IL 60515 | ARES CAPITAL CORPORATION | ☑ D<br>☐ E/F<br>☐ G |
| 2.29 | Oak State Products, LLC | 3333 Finley Rd.<br>Suite 800<br>Downer's Grove, IL 60515 | GOLDMAN SACHS LENDING PARTNERS, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.30 | Oak State Products, LLC | 3333 Finley Rd.<br>Suite 800<br>Downer's Grove, IL 60515 | U.S. BANK NATIONAL ASSOCIATION | ☐ D<br>☑ E/F<br>☐ G |

| Debtor | Hearthside Holdco, LLC | Case number (If known): | 24-90598 |
|---|---|---|---|
| | Name | | |

## Additional Page if Debtor Has More Codebtors

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | Name | Mailing address | Name | Check all schedules that apply: |
| 2.31 | Peacock Engineering Company II, LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | ARES CAPITAL CORPORATION | ☑ D ☐ E/F ☐ G |
| 2.32 | Peacock Engineering Company II, LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | GOLDMAN SACHS LENDING PARTNERS, LLC | ☑ D ☐ E/F ☐ G |
| 2.33 | Peacock Engineering Company II, LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | U.S. BANK NATIONAL ASSOCIATION | ☐ D ☑ E/F ☐ G |
| 2.34 | Peacock Foods LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | ARES CAPITAL CORPORATION | ☑ D ☐ E/F ☐ G |
| 2.35 | Peacock Foods LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | GOLDMAN SACHS LENDING PARTNERS, LLC | ☑ D ☐ E/F ☐ G |
| 2.36 | Peacock Foods LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | U.S. BANK NATIONAL ASSOCIATION | ☐ D ☑ E/F ☐ G |
| 2.37 | Quality Bakery Products, LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | ARES CAPITAL CORPORATION | ☑ D ☐ E/F ☐ G |
| 2.38 | Quality Bakery Products, LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | GOLDMAN SACHS LENDING PARTNERS, LLC | ☑ D ☐ E/F ☐ G |

Debtor    Hearthside Holdco, LLC
Name

Case number (If known):    24-90598

## Additional Page if Debtor Has More Codebtors

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | **Check all schedules that apply:** |
| 2.39 | Quality Bakery Products, LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | U.S. BANK NATIONAL ASSOCIATION | ☐ D ☑ E/F ☐ G |
| 2.40 | Ryt-way Industries, LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | ARES CAPITAL CORPORATION | ☑ D ☐ E/F ☐ G |
| 2.41 | Ryt-way Industries, LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | GOLDMAN SACHS LENDING PARTNERS, LLC | ☑ D ☐ E/F ☐ G |
| 2.42 | Ryt-way Industries, LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | U.S. BANK NATIONAL ASSOCIATION | ☐ D ☑ E/F ☐ G |
| 2.43 | Ryt-way Midco, LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | ARES CAPITAL CORPORATION | ☑ D ☐ E/F ☐ G |
| 2.44 | Ryt-way Midco, LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | GOLDMAN SACHS LENDING PARTNERS, LLC | ☑ D ☐ E/F ☐ G |
| 2.45 | Ryt-way Midco, LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | U.S. BANK NATIONAL ASSOCIATION | ☐ D ☑ E/F ☐ G |
| 2.46 | Standard Functional Foods Group, LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | ARES CAPITAL CORPORATION | ☑ D ☐ E/F ☐ G |

| Debtor | Hearthside Holdco, LLC | Case number (If known): | 24-90598 |
| --- | --- | --- | --- |
| | Name | | |

## Additional Page if Debtor Has More Codebtors

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
| --- | --- | --- | --- | --- |
| | **Name** | **Mailing address** | **Name** | **Check all schedules that apply:** |
| 2.47 | Standard Functional Foods Group, LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | GOLDMAN SACHS LENDING PARTNERS, LLC | ☑ D ☐ E/F ☐ G |
| 2.48 | Standard Functional Foods Group, LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | U.S. BANK NATIONAL ASSOCIATION | ☐ D ☑ E/F ☐ G |
| 2.49 | Toll Packaging Services LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | ARES CAPITAL CORPORATION | ☑ D ☐ E/F ☐ G |
| 2.50 | Toll Packaging Services LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | GOLDMAN SACHS LENDING PARTNERS, LLC | ☑ D ☐ E/F ☐ G |
| 2.51 | Toll Packaging Services LLC | 3333 Finley Rd. Suite 800 Downer's Grove, IL 60515 | U.S. BANK NATIONAL ASSOCIATION | ☐ D ☑ E/F ☐ G |
| 2.52 | | | | ☐ D ☐ E/F ☐ G |
| 2.53 | | | | ☐ D ☐ E/F ☐ G |
| 2.54 | | | | ☐ D ☐ E/F ☐ G |

**Fill in this information to identify the case and this filing:**

Debtor name __Hearthside Holdco, LLC__

United States Bankruptcy Court for the: __Southern District of Texas, Houston Division__

Case number (If known) __24-90598__

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended Schedule _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders*  (Official Form 204)

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __12/23/2024__
       MM / DD / YYYY

X __/s/ Robert M. Caruso__
Signature of individual signing on behalf of debtor

__Robert M. Caruso__
Printed name

__Chief Restructuring Officer__
Position or relationship to debtor