United States Bankruptcy Court
Southern District of Texas

**ENTERED**

April 21, 2025

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| H-Food Holdings, LLC, *et al.*,[1] | Case No. 24-90586 (ARP) |
| Debtors. | (Jointly Administered) |

## ORDER (A) APPROVING (I) OMNIBUS CLAIMS OBJECTIONS PROCEDURES, (II) THE FORM OF OBJECTION NOTICE, AND (III) FILING OF SUBSTANTIVE OMNIBUS CLAIMS OBJECTIONS, (B) WAIVING THE REQUIREMENT OF BANKRUPTCY RULE 3007(e)(6), AND (C) GRANTING RELATED RELIEF
### (Related Docket No. 673)

Upon the motion, dated March 27, 2025 (the "<u>Motion</u>"),[2] of H-Food Holdings, LLC and

its debtor affiliates, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), for entry of

an order (this "<u>Order</u>") (a) approving (i) the Objection Procedures, attached hereto as **Exhibit A**,

(ii) the form of Objection Notice, substantially in the form attached hereto as **Exhibit B**, and

(iii) the filing of substantive objections to Claims, (b) waiving the requirement of Bankruptcy Rule

3007(e)(6), and (c) granting related relief, all as more fully set forth in the Motion; and this Court

having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are:  HFS Sub, LLC (8177); H-Food Holdings, LLC (6072); Hearthside Food Solutions, LLC (8653); Peacock Engineering Company II, LLC (N/A); HFS Matterhorn Topco, Inc. (0765); Matterhorn Parent, LLC (4445); Matterhorn Intermediate, LLC (1574); Matterhorn Buyer, LLC (0335); Hearthside USA - Corporate, Inc. (3174); Hearthside Holdco, LLC (6206); Hearthside Finance Company, Inc. (8294); Interbake Foods, LLC (7640); Ryt-way Midco, LLC (4388); Hearthside USA, LLC (7655); Hearthside USA – CPG Partners, LLC (2282); Oak State Products, LLC (1822); Standard Functional Foods Group, LLC (4160); Quality Bakery Products, LLC (0528); Toll Packaging Services LLC (5955); Ryt-way Industries, LLC (0783); Matterhorn Sub, LLC (N/A); Peacock Foods LLC (N/A); and Hearthside USA – Produce & Foodservice, LLC (0783).  The Debtors' service address is 3333 Finley Road, Suite 800, Downers Grove, IL 60515.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the *Third Amended Joint Chapter 11 Plan of Reorganization of H-Food Holdings, LLC and its Affiliated Debtors* [Docket No. 611] (the "Plan"), as applicable.

this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order as to the Motion consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. § 1408; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and any opposition filed thereto and having heard the statements in support of the relief requested therein at a hearing (if any) before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing (if any) establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. Notwithstanding anything to the contrary in the Bankruptcy Code and Bankruptcy Rules, and pursuant to Bankruptcy Rule 3007(c), Bankruptcy Local Rule 3007-1, and the Complex Case Procedures, the Debtors (or any successors thereto) may file Omnibus Objections that include objections to Claims on any basis provided for in Bankruptcy Rule 3007(d), Bankruptcy Local Rule 3007-1, and/or the Additional Grounds.

2. Notwithstanding anything to the contrary in the Bankruptcy Code and Bankruptcy Rules, and pursuant to Bankruptcy Rule 3007(c), Bankruptcy Local Rule 3007-1, and the Complex Case Procedures, the Debtors (or any successors thereto) may object to more than 100 Claims in a single Omnibus Objection on any of the bases set forth in Bankruptcy Rule 3007(d) or the Additional Grounds.

3.      The Debtors (or any successors thereto) shall be authorized to file and prosecute any Omnibus Objections in accordance with the Objection Procedures, attached hereto as **Exhibit A**, which are hereby approved, and the other procedural safeguards set forth in Bankruptcy Rule 3007(e) and Bankruptcy Local Rule 3007-1.

4.      The form of Objection Notice in substantially the form attached hereto as **Exhibit B** is hereby approved.

5.      Nothing in this Order shall affect the Debtors' (or any successors thereto) authority to pay Claims to the extent authorized by a separate order of the Court.

6.      Nothing in this Order shall obligate the Debtors (or any successors thereto) to settle or pursue settlement of any particular Claim. Settlements of Claims may be negotiated and compromised by the Debtors (or any successors thereto) in their or its sole discretion (subject to applicable law and the General Unsecured Claim Representative's standing to object or otherwise challenge any proposed objections, settlements, compromises, estimations, Allowances or reclassifications of General Unsecured Claims filed or scheduled in an amount greater than or equal to $75,000).

7.      For the avoidance of doubt, the Debtors (or any successors thereto) may include scheduled Claims in Omnibus Objections.

8.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order, the Motion, or the Objection Procedures shall be deemed (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of any right of any Debtor (or any applicable successor thereto) to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the

relief requested by this Motion or a finding that any particular Claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' (or any successors thereto), or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors (or any successors thereto) that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or to seek avoidance of all such liens.

9.      Notice of the Motion as provided therein is hereby deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

10.      The terms and conditions of this Order are immediately effective and enforceable upon its entry.

11.      The Debtors (or any successors thereto) are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: April 21, 2025

Alfredo R Pérez
United States Bankruptcy Judge

**<u>EXHIBIT A</u>**

**Objection Procedures**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| H-Food Holdings, LLC, *et al.*,[1] | Case No. 24-90586 (ARP) |
| Debtors. | (Jointly Administered) |

**PROCEDURES FOR FILING OMNIBUS CLAIMS OBJECTIONS**

1.     <u>Grounds for Omnibus Objections</u>[2]. In addition to those grounds expressly set forth in Bankruptcy Rule 3007(d), the Debtors (or any successors thereto) may file omnibus objections (each, an "<u>Omnibus Objection</u>") to Claims on the grounds that such Claims, in part or in whole:

     a.     are inconsistent with the Debtors' books and records;

     b.     fail to specify the asserted Claim amount (or only list the Claim amount as "unliquidated");

     c.     seek recovery of amounts for which the Debtors are not liable;

     d.     are incorrectly or improperly classified;

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are:  HFS Sub, LLC (8177); H-Food Holdings, LLC (6072); Hearthside Food Solutions, LLC (8653); Peacock Engineering Company II, LLC (N/A); HFS Matterhorn Topco, Inc. (0765); Matterhorn Parent, LLC (4445); Matterhorn Intermediate, LLC (1574); Matterhorn Buyer, LLC (0335); Hearthside USA - Corporate, Inc. (3174); Hearthside Holdco, LLC (6206); Hearthside Finance Company, Inc. (8294); Interbake Foods, LLC (7640); Ryt-way Midco, LLC (4388); Hearthside USA, LLC (7655); Hearthside USA – CPG Partners, LLC (2282); Oak State Products, LLC (1822); Standard Functional Foods Group, LLC (4160); Quality Bakery Products, LLC (0528); Toll Packaging Services LLC (5955); Ryt-way Industries, LLC (0783); Matterhorn Sub, LLC (N/A); Peacock Foods LLC (N/A); and Hearthside USA – Produce & Foodservice, LLC (0783).   The Debtors' service address is 3333 Finley Road, Suite 800, Downers Grove, IL 60515.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Debtors' Motion for Entry of an Order (A) Approving (I) Omnibus Claims Objections Procedures, (II) the Form of Objection Notice, and (III) Filing of Substantive Omnibus Claims Objections, (B) Waiving the Requirement of Bankruptcy Rule 3007(E)(6), and (C) Granting Related Relief* (the "<u>Motion</u>").

e.      have been formally withdrawn by the claimant through the filing of a pleading or through the entry of a court order indicating withdrawal of the Claim;

f.      are filed against non-Debtors, the incorrect Debtor, or are filed against multiple Debtors;

g.      fail to specify a Debtor against whom the Claim is asserted;

h.      are disallowed pursuant to section 502 of the Bankruptcy Code;

i.      fail to sufficiently specify the basis for the Claim or provide sufficient supporting documentation therefor;

j.      are disallowed or subordinated to all Claims or interests senior to or equal to the asserted Claim or interest arising out of the purchase or sale of a security of a Debtor or affiliate thereof pursuant to Bankruptcy Code section 510(b);

k.      are disallowed pursuant to, or asserted in an amount, priority, or on terms that are otherwise inconsistent with the Plan; or

l.      have been satisfied by payment in full or in part on account of such Claim from a party that is not a Debtor, including one or more of the Debtors' insurers.

2.      <u>Form of Omnibus Objection</u>. Each Omnibus Objection will be numbered consecutively, regardless of basis.

3.      <u>Supporting Documentation</u>.  Omnibus Objections will include an affidavit or declaration that provides a factual basis for the objection to the Claims, including from a party with knowledge of the Debtors' books and records and the manner in which they are maintained that states that the affiant or the declarant has reviewed the Claims included therein and applicable supporting information and documentation provided therewith, made reasonable efforts to research the Claim, and determined that the Debtors' books and records do not reflect the debt or the amount of debt that is alleged in the Claim.

4.      <u>Claims Exhibits</u>.  An exhibit listing the Claims that are subject to the particular Omnibus Objection will be attached thereto. Each exhibit will include only the Claims to which

there is a common basis for the objection.  Claims for which there is more than one basis for the objection will be referenced on each exhibit applicable thereto.  Including an Omnibus Objection on one exhibit will not constitute a waiver of the Debtors' (or any successors thereto) right to object to the Claim on an additional basis or bases in the future or in a subsequent Omnibus Objection.  The exhibits will include, without limitation, the following information alphabetized by claimant:

a.  the Claims that are the subject of the Omnibus Objection and, if applicable, the Proof of Claim number or Schedule number related thereto from the Claims Register;

b.  the asserted amount of the Claim;

c.  the grounds for the objection;

d.  other information, as applicable, including: (i) the proposed classification of Claims the Debtors (or any successors thereto) seek to reclassify; (ii) the reduced Claim amounts of Claims the Debtors (or any successors thereto) seek to reduce; or (iii) the surviving Claims of claimants affected by the Omnibus Objection; and

e.  each Omnibus Objection will be accompanied by a proposed form of order granting the Omnibus Objection.

5.   <u>Objection Notice</u>. Each Omnibus Objection will be accompanied by an objection notice, substantially in the form annexed to the Order as **<u>Exhibit B</u>** (the "<u>Objection Notice</u>"), which will:

a.  describe the basic nature of the objection;

b.  inform creditors that their rights may be affected by the objection;

c.  describe the procedures for filing a written response (each, a "<u>Response</u>") to the objection, including all relevant dates and deadlines related thereto;

d.  identify the hearing date, if applicable, and related information; and

e.  describe how copies of Proofs of Claim, the Omnibus Objection, and other pleadings filed in the Chapter 11 Cases may be obtained.

6.      <u>Notice and Service</u>.  Each Omnibus Objection will be filed with the Court and served electronically using the Court's electronic filing system. Each Omnibus Objection (along with a copy of the Objection Notice) will be mailed to each Claim holder (and, if available its attorney of record) that is subject to such objection.

7.      <u>Omnibus Claims Objection Hearings</u>.  Each Omnibus Objection may be set for hearing no less than thirty (30) days after service of the Omnibus Objection (each, a "<u>Hearing</u>"). In the Debtors' (or any successors thereto) sole discretion and after notice to the affected claimant, the Debtors (or any successors thereto) may (without further order of the Court) adjourn the Hearing on the Omnibus Objection to a subsequent hearing date by filing a notice or statement on the record.  For Claims subject to an Omnibus Objection and with respect to which either (a) no Response is filed in accordance with the proposed response procedures or (b) a Response is filed in accordance with the proposed response procedures but such Response is resolved prior to the Hearing, the Debtors (or any successors thereto) may submit a certificate of no objection to the Court and request that the Court enter an order granting the Omnibus Objection with respect to such Claims. Contested Claims for which a Response is filed in accordance with the proposed response procedures and that are not resolved prior to the Hearing may be heard at the Hearing (provided an appearance is made at the Hearing) or adjourned to a subsequent hearing date in the Debtors' (or any successors thereto) sole discretion, as applicable, subject to the Court's availability. If a subsequent hearing is determined to be necessary, the Debtors (or any successors thereto) shall file with the Court and serve on the affected claimants a notice of the hearing (the date of which shall be determined in consultation with the affected claimant(s)) or announce such adjournment on the record. Notwithstanding the foregoing, nothing herein shall prejudice the Debtors' (or any successors thereto) rights to seek entry of an order sustaining the Omnibus

Objection as to any or all Claims contained therein, as applicable, pursuant to Section "M" of the Complex Case Procedures.

8.      <u>Contested Matter</u>.  Each Claim subject to an Omnibus Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Court will be deemed a separate order with respect to each such Claim. The Debtors (or any successors thereto) may, in their discretion and in accordance with other orders of this Court and the provisions of the Bankruptcy Code and Bankruptcy Rules, settle the priority, amount, and validity of such contested Claims without any further notice to or action, order, or approval of the Court.

### RESPONSES TO OMNIBUS OBJECTIONS

9.      <u>Parties Required to File a Response</u>.  Any party who disagrees with an objection is required to file a Response in accordance with the procedures set forth herein and to appear at the Hearing if such Response is not resolved prior to the Hearing.  If a claimant whose Claim is subject to an Omnibus Objection does not file and serve a Response in compliance with the procedures below or fails to appear at the Hearing, the Court may grant the objection with respect to such Claim without further notice to the claimant.

10.     <u>Response Contents</u>.  Each Response must contain the following (at a minimum):

      a.      a caption stating the name of the Court, the names of the Debtors, the case number, and the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

      b.      a concise statement setting forth the reasons why the Court should not grant the objection with respect to such Claim, including the factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

      c.      a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Claim, upon which the claimant will rely in opposing the objection; *provided* that the claimant need not disclose

confidential, proprietary, or otherwise protected information in the Response; *provided, further,* that the claimant shall disclose to counsel for the Debtors (or any successors thereto) all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints;

d. a declaration or other statement of a person with personal knowledge of the relevant facts that support the Response; and

e. the following contact information for the responding party:

    i. the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the Debtors (or any successors thereto) should serve a reply to the Response, if any; or

    ii. the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the objection on the claimant's behalf.

11. <u>Filing and Service of the Response</u>. A Response will be deemed timely only if it is filed with the Court and served electronically using the Court's electronic filing system and actually received by 5:00 p.m. (prevailing Central Time) on the day that is thirty (30) calendar days from the date the Omnibus Objection is served (the "<u>Response Deadline</u>") unless as otherwise ordered by the Court, by the following parties (the "<u>Notice Parties</u>"):

a. the U.S Trustee, 515 Rusk Street, Suite 3516, Houston, TX 7002, Attn: Susan Hersh (susan.hersh@usdoj.gov);

b. (i) co-counsel to the Debtors or the Reorganized Company, as applicable, Ropes & Gray LLP, 1211 Avenue of the Americas New York, New York 10036, Attn: Natasha Hwangpo (natasha.hwangpo@ropesgray.com) and Ropes & Gray LLP, 191 N. Wacker Drive, 32nd Floor, Chicago, IL 60606, Attn: Stephen Iacovo (stephen.iacovo@ropesgray.com); and (ii) co-counsel to the Debtors or the Reorganized Company, as applicable, Porter Hedges LLP, 1000 Main Street, 36th Floor, Houston, TX 77002, Attn: John F. Higgins (jhiggins@porterhedges.com), M. Shane Johnson (sjohnson@porterhedges.com), and Jack M. Eiband (jeiband@porterhedges.com); and

6

c.    (i) co-counsel to the Creditors' Committee or the General Unsecured Claims Representative, as applicable, Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, NY 10020, Attn: Jeffrey L. Cohn (jcohen@lowenstein.com) and David M. Posner (dposner@lowenstein.com); and (ii) co-counsel to the Creditors' Committee or the General Unsecured Claims Representative, as applicable, McDermott Will & Emery LLP, Attn: Charles R. Gibbs (crgibbs@mwe.com) and Grayson Williams (gwilliams@mwe.com).

12.    <u>Discovery</u>.  If the Debtors (or any successors thereto) determine that discovery is necessary in advance of a hearing on an Omnibus Objection, the Debtors (or any successors thereto) will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation. Such notice may be incorporated into the initial agenda letter for the hearing, or may be provided by separate notice.

13.    <u>Failure to Respond</u>.  A Response that is not filed and served in accordance with the procedures set forth herein may not be considered by the Court at the Hearing. **Absent reaching an agreement with the Debtors (or any successors thereto) resolving the objection to a Claim (as described in the Objection Notice), failure to timely file and serve a Response as set forth herein or to appear at the Hearing may result in the Court granting the Omnibus Objection without further notice or hearing**. Upon entry of an order sustaining an Omnibus Objection, affected creditors will be served with such order.

14.    <u>Reply to a Response</u>.  The Debtors (or any successors thereto) shall be permitted to file a reply to any Response no later than one (1) business day before the hearing with respect to the relevant Omnibus Objection.

**MISCELLANEOUS**

15.    <u>Additional Information</u>.  Copies of these procedures, the Motion, the Order, or any other pleadings (the "Pleadings") filed in these chapter 11 cases are available at no cost at the

Debtors' restructuring website: https://cases.ra.kroll.com/HFS/. You may also obtain copies of any of the pleadings filed in these chapter 11 cases for a fee at the Court's website at http://www.txs.uscourts.gov/bankruptcy. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.

16.   <u>Reservation of Rights</u>.   NOTHING IN ANY OMNIBUS OBJECTION OR OBJECTION NOTICE IS INTENDED OR SHALL BE CONSTRUED OR DEEMED TO BE: (A) AN ADMISSION AS TO THE AMOUNT OF, BASIS FOR, OR VALIDITY OF ANY PARTICULAR CLAIM AGAINST THE DEBTORS UNDER THE BANKRUPTCY CODE OR OTHER APPLICABLE NONBANKRUPTCY LAW; (B) A WAIVER OF THE DEBTORS' (OR ANY SUCCESSORS THERETO) OR OTHER PARTIES IN INTEREST'S RIGHTS TO DISPUTE ANY CLAIM ON ANY GROUNDS; (C) A PROMISE OR REQUIREMENT TO PAY ANY PARTICULAR CLAIM; (D) AN IMPLICATION, ADMISSION, OR FINDING THAT ANY PARTICULAR CLAIM IS AN ADMINISTRATIVE EXPENSE CLAIM, OTHER PRIORITY CLAIM OR OTHERWISE OF A TYPE SPECIFIED OR DEFINED IN THE MOTION OR ANY ORDER GRANTING THE RELIEF REQUESTED BY THE MOTION; OR (E) A WAIVER OR LIMITATION OF ANY CLAIMS, CAUSES OF ACTION OR OTHER RIGHTS OF THE DEBTORS (OR ANY SUCCESSORS THERETO) OR ANY OTHER PARTY IN INTEREST AGAINST ANY PERSON OR ENTITY UNDER THE BANKRUPTCY CODE OR ANY OTHER APPLICABLE LAW.

[*Remainder of Page Intentionally Left Blank*]

**<u>EXHIBIT B</u>**

**Objection Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| H-Food Holdings, LLC, *et al.*,[1] | Case No. 24-90586 (ARP) |
| Debtors. | (Jointly Administered) |

**NOTICE OF THE DEBTORS' [NUMBER] OMNIBUS CLAIMS OBJECTIONS**

**This is an objection to your claim. The objecting party is asking the court to disallow the claim that you filed in this bankruptcy case. You should immediately contact the objecting party to resolve the dispute. If you do not reach an agreement, you must file a response to this objection and send a copy of your response to the objecting party before 5:00 p.m. (prevailing central time) on the day that is thirty (30) days after the objection was served on you. Your response must state why the objection is not valid. If you do not file a response before 5:00 p.m. (prevailing central time) on the day that is thirty (30) days after the objection was served on you, your claim may be disallowed without a hearing.**

**A hearing has been set on this matter on [date] at [time] in courtroom 400, 515 rusk, Houston, Texas 77002. You may participate in the hearing either in person or by audio/video connection.**

**Audio communication will be by use of the court's dial-in facility. You may access the facility at (832) 917-1510. You will be responsible for your own long distance charges. Once connected, you will be asked to enter the conference room number. Judge Perez's conference room number is 282694.**

**You may view video via GoToMeeting. To use GoToMeeting, the court recommends that you download the free GoToMeeting application. To connect, you should enter the meeting code "JudgePerez" in the GoToMeeting app or click the link on Judge Perez's home page**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: HFS Sub, LLC (8177); H-Food Holdings, LLC (6072); Hearthside Food Solutions, LLC (8653); Peacock Engineering Company II, LLC (N/A); HFS Matterhorn Topco, Inc. (0765); Matterhorn Parent, LLC (4445); Matterhorn Intermediate, LLC (1574); Matterhorn Buyer, LLC (0335); Hearthside USA - Corporate, Inc. (3174); Hearthside Holdco, LLC (6206); Hearthside Finance Company, Inc. (8294); Interbake Foods, LLC (7640); Ryt-way Midco, LLC (4388); Hearthside USA, LLC (7655); Hearthside USA – CPG Partners, LLC (2282); Oak State Products, LLC (1822); Standard Functional Foods Group, LLC (4160); Quality Bakery Products, LLC (0528); Toll Packaging Services LLC (5955); Ryt-way Industries, LLC (0783); Matterhorn Sub, LLC (N/A); Peacock Foods LLC (N/A); and Hearthside USA – Produce & Foodservice, LLC (0783). The Debtors' service address is 3333 Finley Road, Suite 800, Downers Grove, IL 60515.

> **on the Southern District of Texas website. Once connected, click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Perez's home page.  Select the case name, complete the required fields and click "Submit" to complete your appearance.**

       **PLEASE TAKE NOTICE** that H-Food Holdings, LLC and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>") are objecting to your Claim(s) pursuant to the attached objection (the "<u>Objection</u>").

**IMPORTANT INFORMATION REGARDING THE OBJECTION**

       <u>Grounds for the Objection.</u>   By the Objection, the Debtors are seeking to [disallow/expunge/reclassify/reduce/subordinate] your Claim(s) listed in the schedule attached hereto on the grounds that your Claim(s) [is/are] [ ]. The Claim(s) subject to the Objection may also be found on the schedules attached to the Objection, a copy of which has been provided with this notice.

       <u>Objection Procedures.</u>   On [Date] the United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>") entered an order [Docket No.●] approving procedures for filing and resolving objections to Claims asserted against the Debtors in the Chapter 11 Cases (the "<u>Objection Procedures</u>"). A copy of the Objection Procedures is included with this notice.  **<u>Please review the Objection Procedures to ensure your response to the Objection, if any, is timely and correctly filed and served.</u>**

**RESOLVING THE OBJECTION**

       <u>Parties Required to File a Response.</u>  If you disagree with the Objection filed with respect to your Claim, you must file a response (each, a "<u>Response</u>") with the Court in accordance with the procedures described below and appear at the Hearing (as defined herein) if such Response is not resolved prior to the Hearing.

       <u>Response Contents.</u>  Each Response must contain the following (at a minimum):

         a.      a caption stating the name of the Court, the names of the Debtors, the case number, and the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

         b.      a concise statement setting forth the reasons why the Court should not grant the objection with respect to such Claim, including the factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

2

     c.      a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Claim, upon which the claimant will rely in opposing the objection; *provided* that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided, further,* that the claimant shall disclose to counsel for the Debtors (or any successors thereto) all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints;

     d.      a declaration or other statement of a person with personal knowledge of the relevant facts that support the Response; and

     e.      the following contact information for the responding party:

          i.      the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the Debtors (or any successors thereto) should serve a reply to the Response, if any; or

          ii.      the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the objection on the claimant's behalf.

       <u>Notice and Service</u>.  Your Response must be filed with the Court and served so as to actually be received by 5:00 p.m. (prevailing Central Time) on [Date], (the "<u>Response Deadline</u>") by the following parties (the "<u>Notice Parties</u>"):

     a.      the U.S Trustee, 515 Rusk Street, Suite 3516, Houston, TX 7002, Attn: Susan Hersh (susan.hersh@usdoj.gov);

     b.      (i) co-counsel to the Debtors or the Reorganized Company, as applicable, Ropes & Gray LLP, 1211 Avenue of the Americas New York, New York 10036, Attn: Natasha Hwangpo (natasha.hwangpo@ropesgray.com) and Ropes & Gray LLP, 191 N. Wacker Drive, 32nd Floor, Chicago, IL 60606, Attn: Stephen Iacovo (stephen.iacovo@ropesgray.com); and (ii) co-counsel to the Debtors or the Reorganized Company, as applicable, Porter Hedges LLP, 1000 Main Street, 36th Floor, Houston, TX 77002, Attn: John F. Higgins (jhiggins@porterhedges.com), M. Shane Johnson (sjohnson@porterhedges.com), and Jack M. Eiband (jeiband@porterhedges.com); and

     c.      (i) co-counsel to the Creditors' Committee or the General Unsecured Claims Representative, as applicable, Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, NY 10020, Attn: Jeffrey L. Cohn (jcohen@lowenstein.com) and David M. Posner

(dposner@lowenstein.com); and (ii) co-counsel to the Creditors' Committee or the General Unsecured Claims Representative, as applicable, McDermott Will & Emery LLP, Attn: Charles R. Gibbs (crgibbs@mwe.com) and Grayson Williams (gwilliams@mwe.com).

Failure to Respond.  A Response that is not filed and served in accordance with the procedures set forth herein may not be considered by the Court at the Hearing. **Absent an agreement with the Debtors (or any successors thereto) resolving the Objection, failure to timely file and serve a Response as set forth herein and appear at the Hearing may result in the Court granting the Objection without further notice or hearing.**

Failure to Appear.  If a claimant files and serves a Response in accordance with the procedures set forth herein and fails to appear in Court at the Hearing, the Court may not consider the Response at the Hearing. **Absent an agreement with the Debtors (or any successors thereto) resolving the Objection, failure to appear at the Hearing as set forth herein may result in the Court granting the Objection without further notice or hearing.**

## DISCOVERY RELATED TO THE OBEJCTION

Discovery.  If the Debtors (or any successors thereto) determine that discovery is necessary in advance of a hearing on an Objection, the Debtors (or any successors thereto) will serve notice on the affected claimant and its counsel of record of a scheduled hearing to be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation. Any such notice may be incorporated into the initial agenda letter for the hearing or may be provided by separate notice.

## ADDITIONAL INFORMATION

Additional Information.  Copies of these procedures, the Motion, the Order, or any other pleadings (the "Pleadings") filed in these chapter 11 cases are available at no cost at the Debtors' restructuring website: https://cases.ra.kroll.com/HFS/. You may also obtain copies of any of the pleadings filed in these chapter 11 cases for a fee at the Court's website at http://www.txs.uscourts.gov/bankruptcy. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.

Reservation of Rights.  NOTHING IN ANY OMNIBUS OBJECTION OR OBJECTION NOTICE IS INTENDED OR SHALL BE CONSTRUED OR DEEMED TO BE: (A) AN ADMISSION AS TO THE AMOUNT OF, BASIS FOR, OR VALIDITY OF ANY PARTICULAR CLAIM AGAINST THE DEBTORS UNDER THE BANKRUPTCY CODE OR OTHER APPLICABLE NONBANKRUPTCY LAW; (B) A WAIVER OF THE DEBTORS' (OR ANY SUCCESSORS THERETO) OR OTHER PARTIES IN INTEREST'S RIGHTS TO DISPUTE ANY CLAIM ON ANY GROUNDS; (C) A PROMISE OR REQUIREMENT TO PAY ANY PARTICULAR CLAIM; (D) AN IMPLICATION, ADMISSION, OR FINDING THAT ANY PARTICULAR CLAIM IS AN ADMINISTRATIVE EXPENSE CLAIM, OTHER PRIORITY CLAIM OR OTHERWISE OF A TYPE SPECIFIED OR DEFINED IN THE MOTION OR ANY ORDER GRANTING THE RELIEF REQUESTED BY THE MOTION; OR

(E) A WAIVER OR LIMITATION OF ANY CLAIMS, CAUSES OF ACTION OR OTHER RIGHTS OF THE DEBTORS (OR ANY SUCCESSORS THERETO) OR ANY OTHER PARTY IN INTEREST AGAINST ANY PERSON OR ENTITY UNDER THE BANKRUPTCY CODE OR ANY OTHER APPLICABLE LAW.

[*Remainder of Page Intentionally Left Blank*]