## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| H-Food Holdings, LLC, *et al.*,[1] | Case No. 24-90586 (ARP) |
| Reorganized Debtors. | (Jointly Administered) |

## ORDER CLOSING CERTAIN OF THE
## CHAPTER 11 CASES AND AMENDING THE CAPTION OF THE REMAINING CASE

The above-captioned debtors, as reorganized (the "Reorganized Debtors"), having submitted this order (this "Order") pursuant to the *Third Amended Joint Chapter 11 Plan of Reorganization of H-Food Holdings, LLC and its Affiliated Debtors* [Docket No. 611] (the "Plan")[2], as confirmed by the *Order Confirming Third Amended Joint Chapter 11 Plan of Reorganization of H-Food Holdings, LLC and its Affiliated Debtors* (the "Confirmation Order") [Docket No. 615]; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding in this district being proper pursuant to 28 U.S.C. § 1408; and appropriate

---

[1]     The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number are:  HFS Sub, LLC (8177); H-Food Holdings, LLC (6072); Hearthside Food Solutions, LLC (8653); Peacock Engineering Company II, LLC (N/A); HFS Matterhorn Topco, Inc. (0765); Matterhorn Parent, LLC (4445); Matterhorn Intermediate, LLC (1574); Matterhorn Buyer, LLC (0335); Hearthside USA - Corporate, Inc. (3174); Hearthside Holdco, LLC (6206); Hearthside Finance Company, Inc. (8294); Interbake Foods, LLC (7640); Ryt-way Midco, LLC (4388); Hearthside USA, LLC (7655); Hearthside USA – CPG Partners, LLC (2282); Oak State Products, LLC (1822); Standard Functional Foods Group, LLC (4160); Quality Bakery Products, LLC (0528); Toll Packaging Services LLC (5955); Ryt-way Industries, LLC (0783); Matterhorn Sub, LLC (N/A); Peacock Foods LLC (N/A); and Hearthside USA – Produce & Foodservice, LLC (0783).  The Reorganized Debtors' service address is 3333 Finley Road, Suite 800, Downers Grove, IL 60515.

[2]     Capitalized terms used but not defined herein shall have the meanings given to such terms in the Plan.

notice of and opportunity for a hearing on the Order having been given; and the relief requested in the Order being in the best interests of the Debtors' estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.      The following cases (the "<u>Affiliate Cases</u>") of the applicable Debtors (the "<u>Affiliate Debtors</u>") are closed as of the date of the entry of this Order; *provided* that this Court shall retain jurisdiction as provided in the Plan, Confirmation Order, and this Order:

- In re HFS Sub, LLC, Case No. 24-90585;
- In re H-Food Holdings, LLC, Case No. 24-90586;
- In re Peacock Engineering Company II, LLC, Case No. 24-90588;
- In re HFS Matterhorn Topco, Inc., Case No. 24-90589;
- In re Matterhorn Parent, LLC, Case No. 24-90590;
- In re Matterhorn Intermediate, LLC, Case No. 24-90591;
- In re Matterhorn Buyer, LLC, Case No. 24-90594;
- In re Hearthside USA - Corporate, Inc., Case No. 24-90595;
- In re Hearthside Holdco, LLC, Case No. 24-90598;
- In re Hearthside Finance Company, Inc., Case No. 24-90592;
- In re Interbake Foods, LLC, Case No. 24-90596;
- In re Ryt-way Midco, LLC, Case No. 24-90599;
- In re Hearthside USA, LLC, Case No. 24-90601;
- In re Hearthside USA – CPG Partners, LLC, Case No. 24-90602;
- In re Oak State Products, LLC, Case No. 24-90604;
- In re Standard Functional Foods Group, LLC, Case No. 24-90606;
- In re Quality Bakery Products, LLC, Case No. 24-90593;
- In re Toll Packaging Services LLC, Case No. 24-90597;
- In re Ryt-way Industries, LLC, Case No. 24-90600;
- In re Matterhorn Sub, LLC, Case No. 24-90603;
- In re Peacock Foods LLC, Case No. 24-90605; and
- In re Hearthside USA – Produce & Foodservice, LLC, Case No. 24-90607.

2.      The case of Hearthside Food Solutions, LLC, Case No. 24-90587, shall remain open (the "<u>Open Case</u>") pending the entry of a final decree by this Court closing the Open Case.

3.      The caption in the Open Case shall be amended as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Hearthside Food Solutions, LLC,[1] | Case No. 24-90587 (ARP) |
| Reorganized Debtor. | (Jointly Administered) |

The Reorganized Debtor's mailing address is 3333 Finley Road, Suite 800, Downers Grove, Illinois 60515.  The chapter 11 cases of certain affiliates of the Reorganized Debtor were closed effective as of [●], 2025.

4.     Any and all pending and future matters relating to each of the closed Affiliate Cases shall be administered and heard in the Open Case of Hearthside Food Solutions, LLC.  A docket entry substantially similar to the following shall be made in each of the Affiliate Cases:

> An order has been entered in this case directing that all further reporting concerning the administration of the assets and liabilities in this case will occur only in the case of Hearthside Food Solutions, LLC, Case No. 24-90587.  The docket in Case No. 24-90587 should be consulted for all matters affecting this case.

5.     Quarterly disbursements for the Open Case will be reported pending the entry of a final decree by this Court closing the Open Case.

6.     The Affiliate Debtors shall file a post-confirmation report through the date of entry of this Order for the Affiliate Debtors and shall serve a true and correct copy of such reports on the U.S. Trustee.

7.     Entry of this Order is without prejudice to (a) the rights of any of the Reorganized Debtors or other party in interest to seek to reopen any of the closed Affiliate Cases for cause pursuant to section 350(b) of the Bankruptcy Code and (b) the right of the Reorganized Debtors to dispute, object to, or resolve all Claims that were filed against any of the Debtors or the Reorganized Debtors in their chapter 11 cases.  Nothing in this Order shall change the amount or

3

nature of any distribution, or any other substantive rights, that any Claim against or Interest in any Debtor would have been entitled to under the Plan, the Confirmation Order, the Bankruptcy Code, the Bankruptcy Rules, or otherwise, had this Order not been entered.

8.      Before the later of (a) thirty days after the date of entry of this Order and (b) the date on which such quarterly fees are otherwise due, the Affiliate Debtors shall pay the appropriate quarterly fees due and payable under 28 U.S.C. § 1930(a)(6)(A) and (B) through the date of entry of this Order.  This Court shall retain jurisdiction to enforce payment of fees under 28 U.S.C. § 1930(a)(6)(A) and (B).

9.      The Debtors and their agents are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Plan.

10.     Notwithstanding anything to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon entry.

11.     Nothing in this Order: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or the Reorganized Debtors or their Estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or Reorganized Debtors, as applicable, to contest the validity, priority, or amount of any claim against the Debtors or the Reorganized Debtors or their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or Reorganized Debtors, as applicable, with respect to any and all claims or causes of action against any third party; (d) shall be deemed a waiver or limitation of the Debtors' or Reorganized Debtors' rights under the Bankruptcy Code or any other applicable law; or (e) is intended or shall  be deemed to constitute an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on the property of the

Debtors' or Reorganized Debtors' estates.

12.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: June 18, 2025

Alfredo R Pérez
United States Bankruptcy Judge